NOT DESIGNATED FOR PUBLICATION

Nos. 112,323
112,324

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ABEL VINCENT ORTIZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed February 19, 2016. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ARNOLD-BURGER, JJ.

*Per Curiam*: We deal with two cases consolidated for this appeal. In the first, Ortiz pled no contest to attempted aggravated intimidation of a witness or victim and three counts of violation of a protective order. The court sentenced Ortiz to a 17-month prison term, suspended it, and sentenced Ortiz to 18 months' probation. In the second, Ortiz pled no contest to two counts of felony stalking. The court sentenced Ortiz to 16 months in prison. At this point, the court granted Ortiz a dispositional departure and

1

placed him on probation for 12 months. This prison sentence was to be served consecutively.

In August 2013, Ortiz stipulated to violating the conditions of his probation by having contact with the victim. The district court revoked Ortiz' probation, ordered him to serve a 3-day and a 2-day "quick dip" jail sentence as intermediate sanctions, and then extended Ortiz' probation for a period of 12 months.

Ortiz was later charged with several crimes in a third case. As part of a plea agreement in that case, Ortiz agreed to admit to violating several conditions of his probation in these cases. Furthermore, the parties agreed to jointly recommend that Ortiz serve his underlying prison sentences in 12CR631 and 13CR161.

The court held a probation revocation hearing. In compliance with his plea agreement, Ortiz stipulated to violating the conditions of his probation by having contact with the victim of his underlying offenses, using methamphetamine and marijuana, and failing to attend a mandatory visit with his probation officer. The court determined Ortiz was a probation violator but continued disposition until sentencing.

Then, based on the joint recommendation of the parties, the district court revoked the probation and ordered Ortiz to serve the balance of his prison sentences.

The State contends this court should not entertain Ortiz' appeal because he invited any error of the district court.

Under the invited error doctrine, a litigant may not invite error and then complain of that error as a ground for reversing an adverse judgment. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). The invited error doctrine "is a judge-made doctrine aimed at curtailing manipulative tactics inducing trial courts to make mistakes that

otherwise might require reversal of an adverse verdict." *State v. Hargrove*, 48 Kan. App. 2d 522, 553, 293 P.3d 787 (2013). The judicially created rule "should be tailored as necessary to serve its particular purpose without unnecessarily thwarting the ends of justice." 48 Kan. App. 2d at 553.

Here, the parties jointly recommended that Ortiz serve his underlying prison sentences. Ortiz concedes that as part of a plea agreement in his third criminal case, he agreed to stipulate to violating several conditions of his probation and recommend that the district court impose his underlying prison sentences. Indeed, Ortiz did ask the court to impose his prior sentences.

Regardless of whether Ortiz invited the district court's action, the record indicates the district court did not abuse its discretion by revoking Ortiz' probation and imposing his underlying prison sentences.

Ortiz claims "the district court abused its discretion in finding that his technical violations, his plea, and his new crime sufficiently justified remanding him to serve his original sentences under the specific circumstances of his case." Ortiz does not otherwise explain the basis for his complaint.

The district court found that Ortiz had committed a new crime and his welfare would not be served by reinstatement of his probation. Therefore, it was not required by statute to impose an intermediate sanction in lieu of imposing Ortiz' underlying prison sentences. See K.S.A. 2013 Supp. 22-3716(c)(8)-(9).

Once the State has established that a probation violation has occurred, the decision to revoke probation rests in the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

3

Here, given the circumstances, the district court's action was reasonable. In the first case, Ortiz' convictions resulted in a presumptive probation sentence. In the second case, the court extended leniency by granting Ortiz a dispositional departure from a presumptive incarceration sentence to probation. Despite this, Ortiz has failed to comply with the conditions of his probation on several occasions. Given the successive violations, there was no indication Ortiz was likely to abide by the conditions of his probation in the future.

Accordingly, the district court did not abuse its discretion by revoking Ortiz' probation and imposing his underlying prison sentences.

Affirmed.