NOT DESIGNATED FOR PUBLICATION

No. 115,105

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT LEE BEDELL,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed September 2, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., LEBEN, J., and HEBERT, S.J.

LEBEN, J.: Scott Bedell appeals the district court's decision to send him to prison after he violated his probation. Bedell admitted to the violations but asked for another chance at probation to find housing and to address his mental-health issues. The court found that reinstating his probation would jeopardize public safety and would not serve Bedell's interests—findings that allow the court to revoke probation without first ordering a short-term stay in prison.

We review the district court's decision to revoke probation only for an abuse of discretion—meaning in this case that we look to see whether a reasonable person might agree with the district court. Here, as we will explain, a reasonable person could agree with the district court that Bedell was not taking advantage of his time on probation and

would be a danger to public safety if his probation were continued. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

As part of his punishment for a previous crime, Bedell was required to register every 3 months under the Kansas Offender Registration Act. He didn't show up for his May 2015 registration, so he was arrested the next month and charged with an offender-registration violation. Bedell waived his right to a preliminary hearing and pled guilty to that charge. The court sentenced Bedell as recommended in the plea agreement: 24 months of probation with an underlying 19-month prison sentence that he would have to serve only if he was unsuccessful on probation.

The judge explained the conditions of probation, which included reporting to his probation officer, keeping his address updated, obeying his curfew, and not using alcohol or drugs. He told Bedell, "There is always a chance, of course, if you violate those rules, that I can take back the privilege of probation and send you to prison."

Less than 2 weeks after sentencing, the court issued a warrant for Bedell's arrest based on a number of probation violations that took place between August 25 and September 1, 2015. These included testing positive for marijuana, failing to abide by curfew, failing to charge the electronic-monitoring device that allowed Bedell's probation officer to track him, skipping a new-client orientation meeting, and failing to notify his probation officer that he was no longer staying at the rescue mission.

The court held a hearing on these violations in October 2015. Bedell admitted to violating his probation but argued that most of the violations stemmed from his homelessness and mental-health issues. He said that if his probation were reinstated, he would have a chance to get the proper medications and—if the court would allow it—

2

move to Coffeyville, where he could live with his grandfather and have the support of his family. The State argued that the housing and mental-health issues were not the cause of Bedell's violations; rather, the problem was his noncompliant attitude and willful refusal to obey the requirements of probation. This intentional noncompliance, the State argued, would make Bedell a danger to society no matter where he lived.

The judge said he sympathized with Bedell's mental-health issues but revoked his probation anyway, finding that continuing his probation would raise public-safety concerns and would not serve Bedell's interests. Based on Bedell's mental-health issues, however, the judge reduced Bedell's prison sentence from 19 months to 12 months.

Bedell has appealed to our court.

ANALYSIS

Bedell argues that the district court abused its discretion by revoking his probation and imposing his prison sentence rather than giving him another chance at probation. The legal rules applicable to this appeal are straightforward. A district court's decision to revoke probation must be based on a factual finding that a condition of probation has been violated. Once a violation has been established, the decision to revoke probation has been traditionally considered within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

That discretion is now limited by the statute governing probation revocation. K.S.A. 2015 Supp. 22-3716(b) and (c) require that the district court impose intermediate sanctions—some shorter period of time in the county jail or a state prison—before ordering that the defendant serve the full underlying prison term. But there are a few exceptions to this rule. For example, the court doesn't have to impose intermediate

3

sanctions if it "finds and sets forth with particularity the reasons for finding" that reinstating the defendant's probation would endanger the public or that the offender's welfare wouldn't be served by an intermediate sanction. K.S.A. 2015 Supp. 22-3716(c)(9). In this case, the court found that the safety of the public would be jeopardized since Bedell—who had been convicted of a serious felony (attempted indecent solicitation of a child) and was on probation for his failure to register following that serious felony—had not been reporting to his probation officer either. The court also found that intermediate sanctions would not serve Bedell's interests, as it seemed "that he simply wishe[d] to not comply." Bedell doesn't challenge the factual basis for district court's findings under K.S.A. 2015 Supp. 22-3716(c)(9).

So, since the district court was not required to impose any of the intermediate sanctions set out in the probation-revocation statute, we review its decision to revoke Bedell's probation for an abuse of discretion. Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

We find nothing unreasonable about the district court's decision here. Bedell admitted that he had violated his probation numerous times in the first 2 weeks after his probation began. The judge pointed out that Bedell had not brought up his mental-health or housing issues at sentencing and said he wished Bedell had made an effort to address those issues earlier. Given Bedell's apparent lack of interest in abiding by the terms of his probation as well as the danger Bedell could pose to the public if he continued to avoid registering or reporting to his probation officer, the district court could reasonably conclude that Bedell was not an appropriate candidate for probation and impose his prison sentence.

On Bedell's motion, we accepted this appeal for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Bedell's probation.

We therefore affirm the district court's judgment.