NOT DESIGNATED FOR PUBLICATION

No. 116,206

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FLOYD CLIFFORD COATES, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed April 7, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Floyd Clifford Coates, Jr., appeals the district court's decision to revoke his probation and impose the underlying prison sentence. We granted Coates' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State filed a response, requesting the district court's judgment be affirmed. After review, we affirm the district court.

In March 2014, Coates pled guilty to possession of methamphetamine and fleeing or attempting to elude law enforcement. The district court sentenced him to 24 months' probation with an underlying 30-month prison sentence. In July 2014, the State filed a motion to revoke Coates' probation. At the revocation hearing, Coates admitted that he

1

left Kansas and committed a new crime in Iowa. He asked the district court for a sanction and reinstatement of his probation. Finding that Coates had absconded and committed a new crime while on probation, the district court revoked his probation and imposed the underlying prison sentence.

On appeal, Coates argues that the district court abused its discretion by revoking his probation and imposing the underlying prison sentence, even though sanctions remained a viable alternative. But he acknowledges that a district court may impose an underlying sentence without first administering sanctions if the probationer absconds from supervision or commits a new crime. See K.S.A. 2016 Supp. 22-3716(c)(8). His admission that he left Kansas and committed a new crime in Iowa gave the district court discretion to revoke his probation. See *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006) (district court has discretion to revoke defendant's probation if defendant has violated his or her probation). Because a reasonable person could have taken the same position, we conclude that the district court did not abuse its discretion in revoking Coates' probation and imposing the underlying sentence. See *State v. Robertson*, 279 Kan. 291, 308, 109 P.3d 1174 (2005).

Affirmed.