NOT DESIGNATED FOR PUBLICATION

No. 116,368

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAREN L. BARTLETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed April 7, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Karen L. Bartlett appeals from the district court's revocation and reimposition of her probation for 18 months with a 180-day prison sanction. We granted Bartlett's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not file a response. After review, we affirm the district court.

In February 2014, Bartlett pled guilty to forgery and theft by deception. The district court sentenced her to 18 months' probation with an underlying 19-month prison sentence. In September 2015, the State filed a motion to revoke Bartlett's probation. The district court revoked Bartlett's probation and imposed a 60-day jail sanction followed by

1

reinstatement for 18 months. In May 2016, the State again moved to revoke Bartlett's probation, alleging that that she had engaged in assaultive and threatening behavior. Finding that she committed probation violations, the district court revoked Bartlett's probation and imposed a 180-day prison sanction followed by probation reinstatement for 18 months.

On appeal, Bartlett argues that the district court abused its discretion in revoking her probation. But the district court's finding that Bartlett violated her probation was based on its determination of witnesses' credibility, something we cannot evaluate. See *State v. Logsdon*, 304 Kan. 3, Syl. ¶ 2, 371 P.3d 836 (2016). By finding that Bartlett committed probation violations, the district court had discretion to revoke her probation. See *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006) (district court has discretion to revoke defendant's probation if defendant has violated his or her probation). Because a reasonable person could have taken the same position, we conclude that the district court did not abuse its discretion in revoking Bartlett's probation. See *State v. Robertson*, 279 Kan. 291, 308, 109 P.3d 1174 (2005).

Affirmed.