NOT DESIGNATED FOR PUBLICATION

No. 116,735

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL WILLIAM STACEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed April 21, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Daniel William Stacey appeals the district court's decision to revoke his probation and impose the underlying prison sentence. We granted Stacey's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not file a response. After review, we affirm the district court.

In November 2014, Stacey pled no contest to one count of criminal threat. The district court sentenced Stacey to 10 months in prison but granted him probation for 12 months. The State later filed a motion to revoke Stacey's probation, alleging that he had been arrested for new crimes. At the revocation hearing, the district court took judicial notice of Stacey's new convictions and, finding that the new convictions constituted a

1

probation violation, revoked Stacey's probation and imposed the underlying prison sentence.

On appeal, Stacey argues that the district court abused its discretion in revoking his probation and ordering him to serve the underlying prison sentence when it could have imposed an intermediate sanction instead. But Stacey's new convictions gave the district court discretion to revoke his probation and impose the underlying prison sentence without first administering sanctions. See K.S.A. 2016 Supp. 22-3716(c)(8) (sanctions not required if probationer commits new crime); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006) (district court has discretion to revoke defendant's probation if defendant has violated probation). Because a reasonable person could have taken the same position, we conclude that the district court did not abuse its discretion in revoking Stacey's probation and imposing the underlying prison sentence. See *State v. Robertson*, 279 Kan. 291, 308, 109 P.3d 1174 (2005).

Affirmed.