NOT DESIGNATED FOR PUBLICATION

No. 116,438

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT D. SHAFFER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed April 21, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Scott D. Shaffer appeals the district court's decision to revoke his probation and impose the underlying prison sentence. We granted Shaffer's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State filed a response, requesting that the district court's judgment be affirmed. After review, we affirm the district court.

In November 2015, Shaffer pled guilty to one count of theft after a prior conviction. The district court sentenced Shaffer to 11 months in prison but granted probation for 12 months. Three months later, Shaffer admitted to violating his probation and received a 2-day jail sanction. Six weeks later, Shaffer admitted to violating his

1

probation again, stipulating that he had a committed a new crime. The district court revoked Shaffer's probation and imposed the underlying prison sentence.

On appeal, Shaffer argues the district court erred in revoking his probation and imposing the underlying prison sentence. But the district court had discretion to do so because Shaffer admitted he violated his probation by committing a new crime. See K.S.A. 2016 Supp. 22-3716(c)(8); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006) (district court has discretion to revoke defendant's probation if defendant has violated probation). Because a reasonable person could have taken the same position, we conclude that the district court did not abuse its discretion in revoking Shaffer's probation and imposing the underlying prison sentence. See *State v. Robertson*, 279 Kan. 291, 308, 109 P.3d 1174 (2005).

Affirmed.