No. 94,575

STATE OF KANSAS, *Appellee*, v. JASON MARTIN GUMFORY, *Appellant*.

(135 P.3d 1191)

Opinion filed June 9, 2006.

*Gerald E. Wells*, of Lawrence, argued the cause and was on the brief for appellant.

*Vernon E. Buck*, county attorney, argued the cause, and *Marc Goodman*, county attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS J.: Jason Martin Gumfory appeals the revocation of his probation and imposition of a prison sentence for his possession of methamphetamine conviction, contending his probation violations in the absence of judicial findings required by K.S.A. 2005 Supp. 21-4729(f)(1) were legally insufficient to revoke his probation served in a mandatory drug abuse treatment program under K.S.A. 2005 Supp. 21-4729. We affirm.

Gumfory pleaded guilty to one count of possession of methamphetamine. Pursuant to the plea agreement, on August 13, 2004, the district court granted a downward dispositional departure and sentenced the defendant to 18 months of mandatory drug abuse treatment pursuant to K.S.A. 2005 Supp. 21-4729 (drug abuse treatment program). Relevant terms of the probation were to "[r]efrain from violating the law," "to complete the Drug Court Program," and to "sign a Drug Court Contract and comply with all conditions contained therein which are orders of this Court."

On October 26, 2004, the State filed a motion for revocation of probation with an accompanying affidavit stating that the defendant had been charged with disorderly conduct, assault of a law enforcement officer, and obstruction of legal process on October 8, 2004, and had been removed from the drug court program as "he is not appropriate due to safety concerns."

At the December 10, 2004, probation revocation hearing, the defendant stipulated that he had committed the new violations and that he had been removed from the drug abuse treatment court program. Defense counsel asked the court for a physiological evaluation because Gumfory was on medication which might have related to the "safety concerns" ground for probation revocation. The district court found the defendant was in violation of the conditions of his assignment to community corrections by reason of his convictions for disorderly conduct, assault of a law enforcement offi-

cer, and obstructing legal process, but granted the defendant 30 days to obtain an evaluation.

At the continued March 9, 2005, probation revocation hearing, the defendant had not yet obtained a mental health evaluation. The defendant disputed that he had refused to fill out the paperwork necessary to obtain the evaluation. The district court found that the defendant was in violation of the terms and conditions of his assignment to community corrections by being removed from and failing to complete the drug abuse treatment court program due to safety concerns and based on his new offenses. In considering dispositions, the district court first found that it did not have to consider placement in a treatment program because Gumfory had already been removed from the treatment program. After considering Labette Correctional Conservation Camp and community corrections, the court revoked probation and imposed the underlying prison sentence, reasoning that the defendant needed some type of physiological treatment on a continual basis and needed an extremely structured program in order to support that treatment.

The defendant timely appeals the revocation of his probation. Upon transfer of this case on our own motion, we have jurisdiction pursuant to K.S.A. 20-3018(c).

Discussion

To sustain an order revoking probation on the ground that a probationer has committed a violation of the conditions of probation, commission of the violation must be established by a preponderance of the evidence. *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 (1999). Once there has been evidence of a violation of the conditions on which probation was granted, the decision to revoke probation rests in the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Judicial discretion is abused when no reasonable person would have taken the position taken by the trial court. *State v. Robertson*, 279 Kan. 291, 308, 109 P.3d 1174 (2005).

The defendant in this case was sentenced pursuant to S.B. 123, which establishes a nonprison sanction of completion of certified drug abuse treatment programs for certain offenders who are su-

pervised by community corrections. K.S.A. 2005 Supp. 21-4729(a), (d). Prior to the revocation hearing, the defendant was charged with three misdemeanors (disorderly conduct, assault of a law enforcement officer, and obstruction of legal process) and removed from the program due to "safety concerns." Based on these violations, and additional misdemeanor convictions, the district court revoked probation and imposed the underlying prison sentence.

The defendant argues the district court abused its discretion in revoking his S.B. 123 probation without making a judicial finding that any of the conditions necessary to revoke probation set forth in the Kansas Sentencing Commission's 2003—Senate Bill 123 Alternative Sentencing Policy for Non-Violent Drug Possession Offenders Operations Manual (Implementation Manual) were present in this case. The State responds that the fact that the defendant violated the law and was removed from the drug abuse treatment court program, regardless of the reason, gave the sentencing court sufficient grounds to revoke probation and impose the original prison sentence. We agree.

K.S.A. 2005 Supp. 21-4729(f) provides:

"(f)(1) Offenders in drug abuse treatment programs shall be discharged from such program if the offender:

(A) Is convicted of a new felony, other than a felony conviction of K.S.A. 65-4160 or 65-4162, and amendments thereto; or

(B) has a pattern of intentional conduct that demonstrates the offender's refusal to comply with or participate in the treatment program, as established by judicial finding.

(2) Offenders who are discharged from such program shall be subject to the revocation provisions of subsection (n) of K.S.A. 21-4603d, and amendments thereto."

K.S.A. 2005 Supp. 21-4603d(n) provides in relevant part:

"(n) . . . [T]he court shall require the defendant who meets the requirements established in K.S.A. 2005 Supp. 21-4729, and amendments thereto, to participate in a certified drug abuse treatment program, as provided in K.S.A. 2005 Supp. 75-52,144, and amendments thereto, including but not limited to, an approved after-care plan. *If the defendant fails to participate in or has a pattern of intentional conduct that demonstrates the offender's re-*

*fusal to comply with or participate in the treatment program, as established by judicial finding, the defendant shall be subject to revocation of probation and the defendant shall serve the underlying prison sentence as established in K.S.A. 21-4705, and amendments thereto."* (Emphasis added.)

Relevant to these statutory provisions, the Implementation Manual provides:

"Offender Accountability

"If the offender is discharged unsuccessfully or displays a pattern of intentional conduct that demonstrates the offender's refusal to comply with or participate in the terms of the mandatory substance abuse treatment and supervision, the offender will be subject to the entire underlying prison sentence, with no credit for time served in the mandatory substance abuse treatment program.

"The criteria that would define an offender's failure and result in the dismissal from a mandatory treatment program are:
· Conviction of a new felony offense other than felony drug possession;
· A judicial finding that the offender has a pattern of intentional conduct that demonstrates the offender's refusal to comply with or participate in the terms of the mandatory substance abuse treatment and supervision. Both community corrections and the treatment provider must make this joint recommendation to the sentencing court;
· *Absent a judicial finding, condition violations alone will not result in discharge from the mandatory drug abuse treatment;* and
· *Each and every condition violation shall be subject to some form of non-prison sanctions as defined by statute. Non-prison sanctions may include, but are not limited to, county jail time, fines, community service, intensified treatment, house arrest, electronic monitoring, etc."* (Emphasis added.) Implementation Manual, p. 60.

The defendant's argument on appeal focuses on the last two italicized "bullet points" from the Implementation Manual. However, the State correctly points out that the Implementation Manual does not supersede statutory mandates or case law. Only the first two bullet points are found in the statutory provisions of K.S.A. 2005 Supp. 21-4729(f)(1)(A) and (B), while bullet points three and four are not supported by any statutory provisions. Although the defendant argues the district court's failure to make a finding that the defendant had "a pattern of intentional conduct that demonstrates the offender's refusal to comply with or participate in" the treatment program precluded the revocation of his S.B. 123 pro-

bation, the State counters that nothing in the law suggests the Kansas Legislature intended to deprive the district courts of their authority to revoke probation when offenders commit new law violations of any kind while on supervision.

The question we must resolve is whether the two grounds for discharge under K.S.A. 2005 Supp. 21-4729(f)(1)(A) and (B) are the exclusive grounds for revocation of S.B. 123 probation. The State points to K.S.A. 2005 Supp. 21-4610, conditions of probation or suspended sentence, which mandates obedience to the laws of Kansas as a condition of probation:

"(a) Except as required by this subsection and subsection (d), nothing in this section shall be construed to limit the authority of the court to impose or modify any general or specific conditions of probation, suspension of sentence or assignment to a community correctional services program, except that *the court shall condition any order granting probation, suspension of sentence or assignment to a community correctional services program on the defendant's obedience of the laws of the United States, the state of Kansas and any other jurisdiction to the laws of which the defendant may be subject*." (Emphasis added.)

Although the defendant concedes that in a nondrug offense the defendant could have his probation revoked based on his admitted violations in this case, he points to the legislative intent of K.S.A. 2005 Supp. 21-4729 to keep drug offenders in the community rather than in prison:

"The goal of the mandatory substance abuse treatment is to provide community intervention and the opportunity for treatment to certain offenders with substance abuse problems in order to address more effectively the revolving door of drug addicts through the state prisons, which should be reserved for serious, violent offenders." Implementation Manual, p. 59.

Further, as discussed above, the Implementation Manual provides: "Absent a judicial finding, condition violations alone will not result in discharge from the mandatory drug abuse treatment"; and, "Each and every condition violation shall be subject to some form of non-prison sanctions as defined by statute." Implementation Manual, p. 60.

While the Implementation Manual demonstrates a legislative intent to punish probation violations with nonprison sanctions, suggesting that K.S.A. 2005 Supp. 21-4729 was meant to limit the

condition violations necessary for discharge, the defendant's argument overlooks our rules of statutory interpretation:

"Interpretation of a statute is a question of law over which appellate courts exercise unlimited review. As a fundamental rule of statutory interpretation, the court must look for the legislature's intent. The court presumes that the legislature expressed its intent through the language of the statutory scheme. If the language is plain and unambiguous, the court must give effect to the language as written without determining what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in it." *State v. de la Cerda*, 279 Kan. 408, Syl. ¶ 1, 109 P.3d 1248 (2005).

K.S.A. 2005 Supp. 21-4729(f)(1)(A) and (B) set forth two occasions when offenders in drug abuse treatment programs "shall" be discharged. However, nothing in the language of the statute suggests that these are the only occasions when an offender may be discharged. In this case, we note that the defendant had been discharged from the program *prior* to the revocation hearing due to "safety concerns." Where the legislature has granted the district court broad discretion concerning the conditions and revocation of probation, we find it unlikely that the legislature intended to prevent the district court from revoking the defendant's probation, thus subjecting the drug abuse treatment court program personnel to further potential harm, because the defendant violated some terms of his probation rather than others. See also *State v. Sallabedra*, No. 93,869, unpublished opinion filed December 9, 2005 (no abuse of discretion for district court to deny motion for drug treatment program where court found such placement would jeopardize the safety of the public). As such, we conclude that K.S.A. 2005 Supp. 21-4729(f)(1)(A) and (B) do not set forth the exclusive grounds for revocation of S.B. 123 probation; rather, they set forth the grounds for when the district court *must* revoke the offender's S.B. 123 probation.

Likewise, nothing in the plain language of K.S.A. 2005 Supp. 21-4610 provides that its provisions are not applicable to those offenders who are sentenced to S.B. 123 probation under 21-4729. Moreover, it is noteworthy that with the broad discretion granted

to the district court in imposing conditions of probation, the legislature chose to mandate that obedience to the laws of Kansas, not just felonies, must be included as a condition of probation. K.S.A. 2005 Supp. 21-4610(a). The inclusion of this provision demonstrates the importance the legislature places on this probation condition, thus making it unlikely that the legislature intended that its violation could not result in probation revocation. As such, we conclude that the district court had the discretion pursuant to K.S.A. 2005 Supp. 21-4610, to revoke the defendant's S.B. 123 probation upon concluding that the defendant had violated the terms of his probation simply by being convicted of multiple misdemeanors.

As a preponderance of the evidence supports the existence of multiple violations of the defendant's conditions of probation, the only remaining question is whether the district court abused its discretion in revoking probation and imposing a prison sentence. See *Robertson*, 279 Kan. at 308. The district court carefully considered all of its nonprison options in this case before imposing a prison sentence. The court explained that the drug abuse treatment court program was not an option due to the defendant's discharge from the program, that Labette was not an option because of the defendant's physiological condition and the medications he was taking, and simple community corrections apparently would not provide the extremely structured treatment on a continual basis that the defendant would be provided in prison. We conclude that the district court did not abuse its discretion in revoking the defendant's S.B. 123 probation and imposing a prison sentence based on multiple misdemeanor convictions and his discharge from the drug court program.

Affirmed.