NOT DESIGNATED FOR PUBLICATION

No. 113,841

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

AUSTIN BRUMMETT-BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed February 26, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., SCHROEDER, J., and BURGESS, S.J.

*Per Curiam*: Austin Brummett-Brown appeals the district court's imposition of a 180-day prison sentence as an intermediate sanction for a second violation of the terms of his probation. Finding no error, we affirm.

FACTS

Brummett-Brown pled no contest to one count each of burglary of a motor vehicle, a severity level 9 nonperson felony pursuant to K.S.A. 2015 Supp. 21-5807(a)(3), and theft, a class A nonperson misdemeanor pursuant to K.S.A. 2015 Supp. 21-5801(b)(4). He was sentenced to 6 months' imprisonment for the felony conviction, with a concurrent sentence of 365 days' imprisonment for the misdemeanor conviction. A postrelease

1

supervision period of 12 months was imposed. The district court suspended both sentences and placed Brummett-Brown on 12 months' supervised probation.

Brummett-Brown subsequently violated the terms of his probation. His probation was revoked and reinstated upon serving an intermediate sanction of 72 hours' incarceration pursuant to K.S.A. 2013 Supp. 22-3716(c)(1)(B). Shortly after reinstatement of his probation, Brummett-Brown stipulated to violating the terms of his probation for a second time. At the probation revocation hearing, he agreed to jointly recommend with the State an intermediate sanction of 180 days' imprisonment be imposed. The district court revoked his probation, agreed with the joint recommendation, and imposed the 180-day sanction. Brummett-Brown submitted a timely notice of appeal.

ANALYSIS

Brummett-Brown argues the district court abused its discretion by revoking his probation and imposing the 180-day sanction. He motioned this court to proceed under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67) in lieu of briefing, which this court granted.

In *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006), our Supreme Court held that the district court has discretion to revoke probation upon a showing that the defendant violated the terms of his or her probation. Judicial discretion is abused when no reasonable person would have taken the position taken by the trial court. 281 Kan. at 1170.

Upon a review of the record, we find the district court did not abuse its discretion in imposing a jointly recommended 180-day prison sentence as an intermediate sanction pursuant to K.S.A. 2015 Supp. 22-3716(c)(1)(D). Brummett-Brown stipulated to the probation violation and agreed to the 180-day sanction in advance of its imposition.

2

Affirmed.