NOT DESIGNATED FOR PUBLICATION

No. 114,226

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWARD J. DEL RIO,
*Appellant.*

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed May 6, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., LEBEN, J., and HEBERT, S.J.

LEBEN, J.: Edward J. Del Rio appeals the district court's decision to revoke his probation and send him to prison after he violated his probation. He argues that the district court should have given him just a few months in prison and then another chance on probation. But Del Rio admitted to the violations, and he acknowledged at the probation-revocation hearing that he knew he didn't "have any chances left": Del Rio had already served several short periods in jail and 180 days *in prison* as previous sanctions for probation violations. Once the district court has imposed those intermediate sanctions, it has discretion to revoke probation as it sees fit, and we reverse its decision only if no reasonable person could agree. In this case, a reasonable person could agree with the

district court's conclusion that Del Rio was not a suitable candidate for continued probation. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Del Rio with possession of methamphetamine and possession of drug paraphernalia after police searched his residence in April 2012. Del Rio pled guilty to the first charge, and the State dismissed the second in exchange. The court accepted Del Rio's plea and sentenced him to 12 months of probation with an underlying sentence of 34 months in prison, which Del Rio would serve only if he failed to successfully complete his probation. Del Rio agreed to the terms of his probation, which included keeping scheduled appointments, taking drug and alcohol tests, participating in substance-abuse treatment, and not using or possessing drugs and alcohol.

In August 2013, Del Rio admitted to violating his probation by failing to report to his treatment program and his probation officer. He accepted and served a 3-day sanction in the county jail. The next month, he served another 3-day sanction after he admitted to using methamphetamine. In October 2013, the State filed a motion to revoke his probation, alleging several violations that were new or had not been included in his previous sanctions. Most of the violations involved substance abuse or failing to report. Instead of revoking his probation, the district court ordered Del Rio to serve a 180-day prison sanction under K.S.A. 2013 Supp. 22-3716(c)(1)(D). After serving that prison time as a probation sanction, Del Rio was placed back on probation.

He once again had trouble following the terms of his probation. He admitted to testing positive for methamphetamine in March 2014 and spent 3 days in jail. He served another 3-day sanction in May after failing to report to his probation officer. And he served a 2-day sanction when he failed to report again in July.

2

The State filed its second motion to revoke Del Rio's probation in February 2015, alleging more instances of drug and alcohol use and failing to report. At this point, the State had identified 24 total violations since Del Rio's probation began—7 since his last sanction. At the probation-revocation hearing, Del Rio admitted to the new violations. His attorney asked the judge to give him another sanction of 60 to 180 days so that he could continue his efforts at drug treatment. He said Del Rio's drug-treatment provider had reported that he was making progress.

The district court, however, revoked probation, highlighting the fact that Del Rio had admitted to using drugs and alcohol on multiple occasions and had failed to report for drug testing several times. The judge told Del Rio that he had had many chances on probation and that the intermediate sanctions he had received "didn't make a difference." The court ordered that Del Rio serve his original sentence of 34 months in prison. Del Rio has appealed to this court.

ANALYSIS

On appeal, Del Rio argues that the district court abused its discretion by revoking his probation and imposing his prison sentence rather than giving him another sanction of 120 or 180 days in prison followed by another chance at probation. The legal rules applicable to this appeal are straightforward. A district court's decision to revoke probation must be based on a factual finding that a condition of probation has been violated. Once a violation has been established, the decision to revoke probation has traditionally been within the district court's discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

That discretion is now limited by the statute governing probation revocation. K.S.A. 2015 Supp. 22-3716(b) and (c) require that the district court impose intermediate sanctions before ordering that the defendant serve the underlying prison term unless the

defendant has committed a new crime or absconded from supervision. For most felony crimes, the first intermediate sanction is a 2- or 3-day period in jail; the court may impose up to 18 days of these short sanctions during the probation period. K.S.A. 2015 Supp. 22-3716(c)(1)(B). After the first sanction, the court may order the defendant to serve 120 or 180 days in prison. K.S.A. 2015 Supp. 22-3716(c)(1)(C)-(D). These longer sanctions may be imposed just one time each. K.S.A. 2015 Supp. 22-3716(c)(1)(C)-(D) ("This sanction shall not be imposed more than once during the term of supervision."). In this case, Del Rio had served one 2-day sanction, five 3-day sanctions, and one 180-day sanction.

Since the district court had already imposed the intermediate sanctions laid out in the probation-revocation statute, we review its decision to revoke Del Rio's probation for an abuse of discretion. Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. McCullough*, 293 Kan. 970, 981, 270 P.3d 1142 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

We find nothing unreasonable about the district court's decision here. Del Rio admits that he violated his probation; at his revocation hearing, he even told the court, "I know I don't have any chances left." The court had imposed all of the necessary intermediate sanctions before revoking Del Rio's probation. See K.S.A. 2015 Supp. 22-3716(c)(1)(E). In fact, it could not have imposed another 180-day sanction, as it had already ordered that term once. K.S.A. 2015 Supp. 22-3716(c)(1)(D). With two dozen violations and numerous chances at probation and drug treatment on the record, it was not unreasonable for the district court to conclude that Del Rio was not responding to probation and impose his prison sentence.

On Del Rio's motion, we accepted this appeal for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct.

4

R. Annot. 67). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Del Rio's probation.

We affirm the district court's judgment.