NOT DESIGNATED FOR PUBLICATION

No. 114,819

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SKYLER LEE BROOK,
*Appellant.*

MEMORANDUM OPINION

Appeal from Nemaha District Court; JOHN L. WEINGART, judge. Opinion filed July 29, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.

LEBEN, J.: Skyler Brook appeals the district court's decision to send him to prison after he violated his probation. But Brook admitted that he had committed a new crime while on probation, and under that circumstance, the district court has the discretion to terminate the probation and send the offender to serve his sentence rather than giving the offender another chance. When a decision is within the district court's discretion, we generally can reverse only if no reasonable person would agree with the district court's decision. Here, the court had already given Brook a second chance after a previous violation, so a reasonable person could agree with the district court that Brook was not taking these opportunities seriously and was not a good candidate for continued probation. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2013, Brook was charged with one count each of electronic solicitation of a child and sexual exploitation of a child, a 14-year-old girl. As part of a plea deal, Brook pled no contest to sexual exploitation of a child, and the State agreed to dismiss the other charge. The court accepted the plea and sentenced Brook to 36 months in prison. Finding that Brook might benefit from a treatment program, the court ordered that Brook serve 36 months of probation instead, with the 36-month prison sentence to be served only if Brooks failed to successfully complete his probation. Brook agreed to the terms of his probation, which included avoiding "injurious or vicious habits," avoiding disreputable people or places, obeying all laws, maintaining a job, and notifying his probation officer of any contact he had with law enforcement.

In July 2014, Brook was charged with violating his probation. His probation officer alleged that he had found drug paraphernalia, bags with methamphetamine residue, and alcohol at Brook's residence; that Brook had been allowing someone to stay with him who was on probation for drug charges; and that Brook had been fired from his job after a positive test for marijuana. The probation officer also said that Brook had had contact with law enforcement but hadn't reported it to him. Brook admitted to the violations, and the court gave Brook another chance on probation, extending the probation for another 36 months.

Brook was charged with violating his probation again in March 2015. He had been arrested for aggravated battery and driving under the influence after he allegedly hit a pedestrian while driving. At the beginning of the probation-revocation hearing, Brook's attorney admitted that he had committed the DUI but did not admit that he had hit a pedestrian. During his testimony, however, Brook admitted that his girlfriend had been hit by the car Brook was driving while intoxicated.

2

The State recommended revoking Brook's probation, and Brook's probation officers said they hadn't seen any evidence that he would succeed on probation. Brook's attorney asked that the court allow his client to complete a 28-day alcohol-treatment program before deciding whether to revoke probation. Brook told the judge that he believed he could benefit from alcohol treatment, and his mother, grandfather, and girlfriend testified that they could help Brook find work and avoid alcohol.

The district court revoked Brook's probation and ordered that he serve his 36-month prison sentence. The judge said it seemed that Brook had not taken probation seriously and had "been given a significant amount of chance"—first at sentencing when he was granted probation instead of prison and again when his probation was extended after his first violation. As grounds for revoking probation, the court cited K.S.A. 2015 Supp. 22-3716(c)(8) and (9), which allow a court to revoke probation without first imposing any kind of short-term punishment "[i]f the offender commits a new felony or misdemeanor" or if "the safety of members of the public will be jeopardized" by reinstating probation. Brook has appealed to this court.

ANALYSIS

On appeal, Brook argues that the district court abused its discretion by revoking his probation and imposing his prison sentence rather than giving him another chance at probation. The legal rules applicable to this appeal are straightforward. A district court's decision to revoke probation must be based on a factual finding that a condition of probation has been violated. Once a violation has been established, the decision to revoke probation has been traditionally considered within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

That discretion is now limited by the statute governing probation revocation. K.S.A. 2015 Supp. 22-3716(b) and (c) require that the district court impose intermediate sanctions before ordering that the defendant serve the underlying prison term except in certain circumstances—for example, if the defendant has committed a new crime or if the court finds that the public would be endangered by continuing the defendant's probation. In this case, Brook admitted that he had committed a new crime—driving under the influence (his second such offense). The court also found that continuing Brook's probation would jeopardize public safety, though it did not explicitly state its reasons for that finding. We are not surprised at the lack of such a statement, though, since Brook had admitted during his testimony that he had driven after drinking more than he could remember and had also admitted that he struck his girlfriend with the car. There was no need for the district court to restate that testimony.

Since Brook admitted that he had committed a new crime, the district court was not required to impose any of the intermediate sanctions set out in the probation-revocation statute, and we review its decision to revoke Brook's probation for an abuse of discretion. Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

Brooks has not shown that the district court's decision was based on a factual or legal error; nor has he shown that it was unreasonable. Brooks admitted that he violated his probation by driving under the influence in 2015, and he had admitted to violating his probation by possessing alcohol and drugs the year before. Despite his claim that he wanted to receive treatment, Brooks did not take advantage of the treatment options available to him during the 2 years he was on probation. It was not unreasonable for the district court to conclude that Brooks was not responding to probation and to impose his prison sentence.

4

On Brook's motion, we accepted this appeal for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Brook's probation.

We affirm the district court's judgment.