NOT DESIGNATED FOR PUBLICATION

Nos. 116,344
116,613

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN E. WARREN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed April 7, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*:  Stephen E. Warren appeals the district court's decision to revoke and extend his probation. We granted Warren's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not file a response. After review, we affirm the district court.

In May 2014, Warren pled no contest to three counts of theft with two or three prior convictions. The district court sentenced him to 12 months' probation with an underlying 7-month prison sentence. In August 2014, Warren pled guilty to possession of methamphetamine. The district court sentenced him to mandatory drug treatment for up

1

to 18 months with an underlying 20-month prison sentence. In January 2015, Warren waived his right to a revocation hearing and agreed to a 3-day jail sanction. In June 2015, Warren voluntarily extended his probation for 12 months in his first case. In August 2015, the State filed a motion for revocation. Warren stipulated to the violations. The district court revoked Warren's probation and ordered him to 60 days' house arrest followed by probation reinstatement for 12 months.

In April 2016, the State again moved to revoke Warren's probation. Warren stipulated to failing to report and testing positive for methamphetamine. The district court imposed a 60-day jail sanction, allowing Warren to be released early to enter inpatient drug treatment or complete drug court, followed by probation reinstatement for 24 months. The district court also ordered Warren to apply for drug court and complete the program if accepted.

On appeal, Warren argues that the district court abused its discretion by revoking his probation and extending it for 24 months because a reasonable person would have imposed a lesser sanction, such as a short dip in county jail. But his stipulation that he failed to report and tested positive for methamphetamine gave the district court discretion to revoke his probation. See *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006) (district court has discretion to revoke defendant's probation if defendant has violated his or her probation). Because a reasonable person could have taken the same position, we conclude that the district court did not abuse its discretion in revoking Warren's probation and imposing the current sanctions. See *State v. Robertson*, 279 Kan. 291, 308, 109 P.3d 1174 (2005).

Affirmed.