NOT DESIGNATED FOR PUBLICATION

No. 116,733

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL C. LUTTRELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed April 21, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*:  Michael C. Luttrell appeals the district court's decision to revoke his probation and impose the underlying prison sentence. We granted Luttrell's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not file a response. After review, we affirm the district court.

In February 2015, Luttrell pled guilty to one count of possession of a weapon by a felon. The district court sentenced him to an underlying prison term of 18 months but granted him 18 months of probation. The State later filed a motion to revoke Luttrell's probation, alleging he failed to report and failed to answer several outstanding warrants. The State then filed a second revocation motion, this time alleging that Luttrell was

1

recently convicted of burglary and theft, failed to pay costs, and failed to report. At the revocation hearing, Luttrell stipulated to the new conviction and the failure to pay costs. The district court revoked Luttrell's probation and imposed the underlying prison sentence.

On appeal, Luttrell argues the district court abused its discretion in revoking his probation and ordering him to serve the underlying prison sentence when it could have reinstated probation or imposed a sanction. But Luttrell's stipulation to a new conviction gave the district court the discretion to revoke his probation and allowed it to impose the underlying prison sentence without first administering sanctions. See K.S.A. 2016 Supp. 22-3716(c)(8) (sanctions not required if probationer commits new crime); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006) (district court has discretion to revoke defendant's probation if defendant has violated probation). Because a reasonable person could have taken the same position, we conclude that the district court did not abuse its discretion in revoking Luttrell's probation and imposing the underlying sentence. See *State v. Robertson*, 279 Kan. 291, 308, 109 P.3d 1174 (2005).

Affirmed.