NOT DESIGNATED FOR PUBLICATION

No. 115,475

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS JOHNELL PICOU,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed April 28, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MCANANY, JJ.

*Per Curiam*:  While on probation, Travis Johnell Picou, committed a new crime. He appeals the district court's revocation of his probation. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Picou pled no contest to charges of aggravated assault, aggravated battery, and harassment by telecommunication device—crimes charged in two separate complaints, 13 CR 7 and 13 CR 200. As part of the plea agreement, the State agreed to recommend reinstatement of Picou's probation in a prior case, 10 CR 415, and probation for all new

1

convictions. The district court followed the plea agreement and imposed a controlling sentence of 24 months' probation for the new charges that were to run consecutive to Picou's term of probation in 10 CR 415.

In December 2013, a motion was filed to revoke Picou's probation based on his failure to comply with the terms. At that time, Picou's probation was revoked, reinstated, and extended 12 months. Additionally, the district court ordered Picou to obtain employment within 2 weeks or begin serving 48-hour jail sanctions weekly until he found employment. In February, on the day Picou was due to serve his second 48 hours in jail, he stopped reporting to his community corrections officer. In April 2014, a second motion to revoke Picou's probation was filed and a warrant was issued for his arrest.

Picou was arrested in Arkansas in August 2014. At that time, he was charged with violating the offender registration act, probation violation, and contempt of court. In March 2015, a hearing was held at which Picou was sentenced in 14 CR 521 and his probation was revoked in 13 CR 7 and 13 CR 200 based on the new conviction. Although the district court denied Picou's request to reinstate probation in the 2013 cases, the court agreed to a downward modification of the sentence from 32 to 20 months in prison. Picou now appeals.

ANALYSIS

This court reviews a district court's revocation of probation for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when the court acts (1) arbitrarily, fancifully, or unreasonably; (2) based on an error of law; or, (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting error bears the burden of proving an abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2016 Supp. 22-3716 limits the discretion of district courts when imposing sanctions on defendants who have violated the terms of their probation so that, typically, a district court must impose a series of graduated sanctions before revoking a defendant's probation. See K.S.A. 2016 Supp. 22-3716(c)(1). However, in the event that an offender commits a new crime while on probation or absconds from supervision, the district court may revoke the offender's probation and require the offender to serve the underlying sentence, or any lesser sentence as the court sees fit, regardless of whether less severe sanctions have been imposed. K.S.A. 2016 Supp. 22-3716(c)(8)(A), (B).

Although he appeals to preserve any rights he may have under federal law, Picou concedes his conviction of failure to register in 14 CR 521 provided valid justification for the district court to revoke his probation. Review of the record and relevant case law confirms Picou's conclusion that the district court did not abuse its discretion when it revoked his probation and ordered him to serve a modified version of his underlying prison sentence. Accordingly, the decision of the district court is affirmed.

Affirmed.