NOT DESIGNATED FOR PUBLICATION

No. 117,812

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WYKEEN AKIE GILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; MARTIN J. ASHER, judge. Opinion filed December 22, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Wykeen Akie Gill appeals the district court's imposition of a 180-day prison sanction after it found him to be in violation of the conditions of his probation. We granted Gill's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State filed no response. Finding no abuse of discretion, we affirm.

Gill pled guilty to one count of possession of marijuana, a level 5 drug felony, and to single counts of possession of drug paraphernalia and interference with a police officer, both class A misdemeanors. On November 15, 2013, the district court imposed an

1

underlying prison term of 20 months but granted Gill probation from that sentence for a period of 18 months.

In June 2015, Gill subsequently stipulated to violating his probation and the district court imposed a three-day jail sanction. On December 21, 2016, the State alleged that Gill had violated the terms of his probation by failing to make any payments toward his court costs, failing to report to his probation officer on three occasions, and testing positive for illegal drugs. At the probation violation hearing on April 14, 2017, Gill stipulated to the violations. However, the prosecutor also tried to allege that Gill had absconded, something which Gill denied. Sidestepping this controversy, and rather than revoking Gill's probation, the district court instead imposed a 180-day prison sanction. Gill argues before us that the district court abused its discretion with this order.

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Gill bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). K.S.A. 2016 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison. Before the court may impose a 180-day prison sanction, it is first required to impose a shorter jail sanction of two or three days. K.S.A. 2016 Supp. 22-3716(c)(1)(B) and (D).

Specifically, Gill appears to argue that the district court abused its discretion when it ordered him to serve a 180-day prison sanction, asserting the court could have imposed

a lesser sanction. However, because Gill stipulated to violating the terms of his probation and because it is undisputed that Gill previously received a three-day jail sanction before the district court imposed the 180-day prison sanction as required by K.S.A. 2016 Supp. 22-3716(c)(1)(D), the district court was well within its rights to impose the intermediate sanction. Given that the district court had the legal authority to impose the 180-day prison sanction, and as Gill makes no showing that a reasonable person could not have acted as the district judge did here, based upon the record before us we conclude the district court did not abuse its discretion by imposing the intermediate sanction of 180 days in prison.

Affirmed.