NOT DESIGNATED FOR PUBLICATION

No. 117,829

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUCAS L. BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed March 16, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Lucas L. Brown appeals the district court's decision at a probation violation hearing to impose a 60-day jail sanction and extend probation by 24 months. We granted Brown's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On March 10, 2016, Brown pled no contest to felony possession of marijuana. On April 15, 2016, the district court sentenced Brown to 30 months' imprisonment but granted a dispositional departure to probation for 24 months to be supervised by community corrections. Brown did not appeal his original sentence.

1

On September 16, 2016, Brown stipulated to violating his probation by failing to report, failing to complete a drug court application, and failing to pay court costs. The district court imposed an intermediate jail sanction and extended Brown's probation.

On February 10, 2017, Brown stipulated to violating his probation by failing to report to community corrections and failing to report for a drug and alcohol treatment intake following his release from jail. As a disposition, the district court imposed a 60-day jail sanction subject to early release if drug treatment became available and extended probation by 24 months. Brown timely appealed that disposition.

Brown's only claim on appeal is that the district court's 24-month extension of probation was "unreasonably excessive." Brown acknowledges that a district court's statutorily authorized disposition is reviewed for an abuse of discretion and that judicial discretion is abused when no reasonable person would take the position of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the record reflects that Brown has an extensive history of drug abuse. Brown's conviction in this case was his third or subsequent felony conviction for drug possession. He initially received a dispositional departure to probation. The district court previously had found Brown to be in violation of his probation. At the February 10, 2017 hearing, the district court reviewed Brown's Level of Service Inventory-Revised (LSI-R) evaluation and determined that he was a high risk for reoffending. Brown offers no reasons to support his claim that the 24-month extension of probation was "unreasonably excessive." Under these circumstances, Brown has failed to show that the district court abused its discretion by extending probation for 24 months.

Affirmed.