NOT DESIGNATED FOR PUBLICATION

No. 118,389

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAYNE M. LANG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Osage District Court; PHILLIP M FROMME, judge. Opinion filed May 4, 2018.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM:  Shayne M. Lang appeals the district court's revocation of his probation and order to serve his underlying prison sentence. We granted Lang's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State filed no response. Finding no abuse of discretion, we affirm.

In December 2013, Lang entered a plea of no contest to an amended count of sexual exploitation of a child, contrary to K.S.A. 2013 Supp. 21-5510(a)(1), a severity level 5 person felony. Consistent with the plea agreement, the district court granted Lang a downward dispositional departure and sentenced him to 20 months' imprisonment but

1

placed him on probation from that sentence for 36 months. Lang was also informed of his duty to register as a sex offender.

In January 2016, Lang served a three-day jail sanction for violating the conditions of his probation, and then in September 2016, the district court ordered Lang to serve a 180-day sanction for additional probation violations. Ultimately, in August 2017, Lang stipulated to violating the conditions of his probation which included, among other things, failing to report to his probation officer within 48 hours of being released from his 180-day sanction and concerns about whether he was at the address he gave when probation officers attempted to complete a home visit at his registered address. The district court revoked Lang's probation and ordered him to serve his underlying prison sentence.

Lang now timely appeals the revocation of his probation claiming the district court abused its discretion by doing so.

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Lang bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison. Before the court may impose a 180-day prison sanction, it is first required

2

to impose a shorter jail sanction of two or three days. K.S.A. 2017 Supp. 22-3716(c)(1)(B) and (D). Here, the district court had previously imposed a three-day jail sanction and then a 180-day prison sanction for Lang's violations of the terms of his probation. It was only after these intermediate sanctions were ineffective that the district court revoked Lang's probation and ordered him to serve his prison sentence. Given that the district court had the legal authority to revoke Lang's probation, and as Lang makes no showing that a reasonable person could not have acted as the district judge did here, we conclude that the district court did not abuse its discretion by revoking Lang's probation and imposing his underlying prison sentence.

Affirmed.