NOT DESIGNATED FOR PUBLICATION

No. 118,462

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TODD DWAYNE WHITE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kingman District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed July 6, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Todd White appeals the district court's decision to revoke his probation and require him to serve a modified underlying prison sentence. After White admitted to the State's alleged probation violations, the court found that reinstating White's probation would jeopardize public safety and would not serve his interests—findings that give the court the discretion to revoke probation without first ordering a short-term stay in jail. We find no abuse of discretion in the district court's decision to do so.

White pleaded guilty to one count of burglary of a dwelling and one count of felony theft in exchange for the State dropping an additional charge against him. As part of its plea agreement with White, the State recommended the court impose the aggravated sentence on both counts to run consecutively (one after the other). The district court sentenced White to

24 months of probation—24 months for his burglary conviction and 12 months for his theft conviction to be served concurrently (at the same time). The court also ordered underlying sentences of 16 months in prison for the burglary conviction and 6 months in prison for the theft conviction, which White would have to serve if he didn't successfully complete probation.

About a year and a half after White's sentencing, the State moved to revoke White's probation based on allegations that White had committed several probation violations. The State's supporting affidavit claimed that White violated his probation by failing to report to his probation officer on two different occasions, committing a new crime (theft), and failing to make payments towards his court costs.

By the time White appeared before the court for his probation-revocation hearing, he was already serving a prison sentence for a different Sedgwick County case. After admitting to the State's alleged probation violations, both the State and White's attorney asked the court to revoke his probation and order White to serve a modified underlying sentence of eight months in prison, which he would serve consecutive to the sentence he was serving at the time of his revocation hearing.

White now argues that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence. The legal rules applicable to this appeal are straightforward. A district court must base its decision to revoke probation on a factual finding that a condition of probation has been violated. Once the district court has established a violation, the decision to revoke probation has been traditionally considered within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

That discretion is now limited by the statute governing probation revocation. K.S.A. 2017 Supp. 22-3716(b) and (c) require that the district court impose intermediate

2

sanctions—some shorter period of time in the county jail or a state prison—before ordering that the defendant serve the full underlying prison term. But there are a few exceptions to this rule. For example, the court doesn't have to impose intermediate sanctions if it "finds and sets forth with particularity the reasons for finding" that reinstating the defendant's probation would endanger the public, or that the offender's welfare wouldn't be served by an intermediate sanction. K.S.A. 2017 Supp. 22-3716(c)(9)(A).

In this case, the court found that the safety of the public would be jeopardized since White had not been reporting to his probation officer as required and committed another theft—one of the crimes for which he was on probation in the first place. The court also found that intermediate sanctions would not serve White's interests based on "his lack of performance on probation." White doesn't challenge the factual basis for district court's findings under K.S.A. 2017 Supp. 22-3716(c)(9).

Since the district court wasn't required to impose any of the intermediate sanctions set out in the probation-revocation statute, we review its decision to revoke White's probation for an abuse of discretion. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Unless the district court's decision was based on a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

We find nothing unreasonable about the district court's decision here. White admitted to violating his probation. Given White's apparent lack of interest in abiding by the terms of his probation along with the danger White could pose to the public if he continued committing the crimes for which he was originally sentenced, the district court could reasonably conclude that White was not an appropriate candidate for probation and impose his prison sentence.

3

On White's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke White' probation.

We affirm the district court's judgment.