NOT DESIGNATED FOR PUBLICATION

No. 120,633

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW OWEN LINDSEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed November 15, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Matthew Owen Lindsey appeals the district court's order revoking his probation and requiring him to serve his underlying prison sentence. We granted Lindsey's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2019 Kan. St. Ct. R. 47). Finding no error, we affirm the district court.

FACTUAL AND PROCEDURAL HISTORY

Lindsey pled guilty to one count of criminal restraint and two counts of domestic battery, all misdemeanors. The district court sentenced Lindsey to a 24-month prison sentence but released him on probation for one year.

1

Approximately six months later, the State alleged Lindsey violated the terms of his probation in eight ways. Among other claims, the State alleged that Lindsey committed the crime of "Domestic Violence/Criminal Damage to Property," failed to refrain from having contact with the victim of his underlying conviction in violation of a no-contact order, and failed to refrain from the possession or use of alcohol.

Lindsey admitted to violating the terms of his probation at his revocation hearing. The State requested that the district court impose Lindsey's underlying sentence without modification because the second domestic violence case had the same victim as the underlying case and because of concerns regarding Lindsey's alcohol consumption. Lindsey requested the district court reinstate his probation and argued that he had trouble attending treatment before the hearing, but he wanted the opportunity to continue seeking treatment to address his mental health and substance abuse needs. Ultimately, the district court revoked Lindsey's probation and ordered him to serve his underlying prison sentence.

ANALYSIS

The procedure for revoking a defendant's probation on a misdemeanor is governed by K.S.A. 2018 Supp. 22-3716(b)(3)(B). Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). As the party asserting the district

2

court abused its discretion, Lindsey bears the burden of showing such abuse of discretion. See *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015).

Lindsey does not argue the district court's decision was based on an error of law or an error of fact. Instead, he asserts the district court's decision was unreasonable. His argument is unpersuasive. Lindsey admitted to violating the terms of his probation on eight grounds, including a new arrest for domestic violence, involving the same victim who he was ordered to have no contact with. Under these circumstances we find that reasonable people could easily take the same view adopted by the trial court here. Accordingly, Lindsey failed to meet the burden of showing the district court abused its discretion by revoking his probation.

Affirmed.