NOT DESIGNATED FOR PUBLICATION

No. 121,752

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KANDI M. ALLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed July 24, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: Kandi M. Allen appeals her probation revocation and the district court's order to serve her underlying 43-month prison sentence. We granted Allen's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Agreeing to summary disposition, the State asks us to affirm. After reviewing the record, we find the district court did not abuse its discretion. Thus, we affirm.

*Factual and Procedural Background*

In April 2017, the police arrested Allen for hitting her boyfriend in the head with a machete. A month later, Allen pleaded guilty to aggravated battery, a level 4 person felony. According to the Kansas Sentencing Guidelines Act, Allen's sentence fell within

1

the presumptive prison range. See K.S.A. 2016 Supp. 21-6804. But the district court granted her request for a downward dispositional departure and sentenced her to probation for 36 months with a 43-month underlying prison sentence.

In September 2017, Allen violated her probation by contacting the victim, and the district court ordered her to serve 60 days in the county jail. In March 2019, Allen admitted she engaged in "assaultive behavior" and contacted the victim, and the district court ordered a three-day "quick dip" in the county jail. So before revoking Allen's probation, the district court had sanctioned Allen twice for probation violations.

In August 2019, Allen admitted that she committed the crime of domestic battery on June 25, 2019. She asked the district court to sanction her only to 30 days in the county jail, rather than to serve her underlying sentence. She argued this was appropriate because she was seven months pregnant and had already moved away from her family, which was "not a good situation for her." But the district court revoked her probation and imposed her prison sentence. The district court ruled:

> "Yeah. This isn't working, Miss Allen. Judge Dahl followed the recommendation, I think, and departed from the presumption, put you on probation. Then you've had—all three of your [probation violations] now have had to do with the underlying issue, which is with—I think the first one you had contact with the victim. You had a 60-day jail sanction on that one. Then you had assaultive behavior maybe with your aunt and now assaultive behavior with your mom.

> "Everybody's saying—well, not everybody but Probation is saying, and the State agrees, that you're a danger to the community. I just think this is a bad situation that you're involved in, but you've got to take responsibility. You've been given multiple opportunities. I'm going to revoke your probation.

> "You've kind of put us into a corner on this one. It's a bad situation. I think it's dangerous too. I don't know that your solution is any better, sounds like. So I'm going to

2

revoke and impose. I don't like to do that, but you've been given many opportunities with Judge Dahl and here a couple times."

Allen timely appeals.

*Analysis*

On appeal, Allen argues the district court abused its discretion in revoking her probation and ordering her to serve her original prison sentence rather than reinstating her probation and imposing a sanction. Allen admits, however, that a district court has discretion to revoke probation and to order her to serve her underlying sentence under K.S.A. 2018 Supp. 22-3716(c)(1)(E).

Generally, once a defendant violates the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A district court abuses its discretion when its action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). On appeal, the party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 2018 Supp. 22-3716 governs the procedure for revoking the defendant's probation. A district court may revoke the defendant's probation without imposing a sanction if she committed a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A).

After reviewing the record, we find that the district court's decision to revoke Allen's probation was not arbitrary, fanciful, or unreasonable. Nor was it based on an error of fact or law. Before Allen's new crime, the district court had given her multiple

opportunities to avoid prison. It departed from Allen's presumptive prison sentence and granted her probation. Yet within four months Allen violated her probation. Despite her 60-day sanction, Allen continued to assault those around her. This behavior resulted in another sanction and, ultimately, a new criminal conviction.

The district court reasonably concluded that probation was not working for Allen and that she was a danger to the community. The district court also did not commit an error of law or fact. Because the district court did not abuse its discretion, we affirm.

Affirmed.