NOT DESIGNATED FOR PUBLICATION

No. 122,606

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE L. CRUZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed October 16, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER, and WARNER, JJ.

PER CURIAM: Jose L. Cruz appeals his probation revocation and the district court's imposition of a reduced 52-month prison sentence. We granted Cruz' motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State asks this court to affirm the rulings of the district court. Upon our review, we find the district court did not abuse its discretion. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Cruz entered into a plea agreement to resolve three criminal cases. In 17CR1190, he pled guilty to aggravated escape from custody and domestic battery. In

1

17CR1873, he pled guilty to felony eluding of an officer, theft, and driving while suspended. In 17CR1921, he pled guilty to criminal threat. At sentencing, the district court imposed a controlling 52-month prison sentence consecutive to a 12-month jail sentence. Cruz was granted probation for 18 months.

Cruz' record on probation was less than stellar. In May 2018, the district court sanctioned Cruz with three days in the county jail for failure to report, failure to prove completion of required programs, and failure to pay fines. In October 2018, the district court sanctioned Cruz with 60 days in the county jail for failure to report, failure to attend and complete required programs, failure to pay fines, and failure to remain drug free.

In February 2020, Cruz admitted to violating his probation on a third occasion by committing the crime of disorderly conduct, failing to report, and failing to contact his probation officer. As a result, the district court revoked Cruz' probation and ordered his commitment to the Secretary of Corrections. The district court modified the controlling sentence, however, by running the 12-month jail sentence concurrent with the 52-month prison sentence.

In revoking probation and imposing the prison sentence, the district court observed that this was Cruz' third probation violation. In particular, the district court found that although Cruz had opportunities to address his substance abuse problems, he failed to successfully complete treatment, he absconded from probation, and he committed a new crime. The district judge concluded, "Ultimately, you've earned this. I mean, you've dictated this sentence or this disposition, but I also think it's best for you because we've tried everything."

Cruz timely appeals.

ANALYSIS

On appeal, Cruz argues the district court abused its discretion in revoking his probation and ordering him to serve his underlying sentence rather than reinstate his probation. Cruz concedes, however, that a district court has discretion to revoke probation and order commitment to serve his underlying sentence under K.S.A. 2018 Supp. 22-3716(c)(1)(E), (8).

Generally, once a defendant violates the conditions of probation, the decision to revoke probation rests with the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A district court abuses its discretion when its action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). On appeal, the party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 22-3716 governs the procedure for revoking a defendant's probation. A district court may revoke a defendant's probation without imposing a sanction if—as occurred in this case—the defendant commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A).

After reviewing the record, we find the district court's decision to revoke Cruz' probation was not arbitrary, fanciful, or unreasonable. It was also not based on an error of fact or law. Prior to the commission of Cruz' new crime, the district court afforded Cruz multiple opportunities to avoid prison. It granted him probation on three separate cases. Yet, despite spending 63 days in jail as sanctions for his probation violations, Cruz continued violating his probation, culminating in the commission of a new crime.

On this record we find no abuse of judicial discretion. Accordingly, we affirm.