NOT DESIGNATED FOR PUBLICATION

No. 122,519

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW C. MCCREARY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed January 29, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM:  Matthew C. McCreary's probation was revoked after he admitted to the continuing use of illegal drugs on multiple occasions. He now appeals, claiming the district court abused its discretion by failing to use a less restrictive sanction than ordering him to serve his underlying prison sentence. We granted McCreary's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded and did not object to summary disposition. Observing no error by the district court, we affirm.

1

FACTS

McCreary pled guilty to two counts of sexual exploitation of a child, a severity level 5 person felony. Based on his criminal history score of I, the district court made border box findings at sentencing and sentenced McCreary to 31 months' imprisonment, suspended to 36 months' probation. Shortly after being placed on probation, McCreary committed various violations and received a three-day jail sanction. McCreary subsequently admitted to violating his probation again. The district court revoked McCreary's probation and ordered him to serve a 180-day jail sanction and enter a residential treatment program following his release.

Following the completion of his most recent jail sanction, McCreary again admitted to violating his probation in multiple ways, including the use of methamphetamine. The district court, upon acceptance of McCreary's admissions, revoked his probation and ordered him to serve the remainder of his underlying prison sentence. In doing so, the district court noted McCreary had numerous prior probation violations and the court had given him several chances to change his behavior by imposing graduated intermediate sanctions.

ANALYSIS

McCreary on appeal argues the district court abused its discretion by revoking his probation and imposing his underlying sentence. However, the record reflects during his probation he received multiple graduated intermediate sanctions upon his admissions to violating the conditions of his probation. K.S.A. 2019 Supp. 22-3716(c)(1)(C) grants the district court the authority to revoke McCreary's probation and order him to serve the remainder of his underlying sentence.

2

Once the district court has determined McCreary violated the terms of his probation, the decision to revoke probation lies in the discretion of the district court. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). McCreary bears the burden to establish an abuse of discretion. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

McCreary identifies no error of fact or law underlying the district court's decision to revoke his probation. In light of McCreary's recurring probation violations, it is clear he was unable to comply with the terms of probation despite being given the opportunity. As the district court noted, the residential treatment program had the most stringent supervision of all available options. But even there, McCreary was unable to adhere to the terms of his probation.

McCreary has not demonstrated the district court's decision was arbitrary, fanciful, or unreasonable. The district court used its sound discretion when it revoked McCreary's probation and ordered him to serve the remainder of his underlying prison sentence.

Affirmed.