NOT DESIGNATED FOR PUBLICATION

No. 117,527

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN CARTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 22, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM:  Stephen Carter appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Carter's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48), which, in its response, the State did not contest. After review, we affirm the district court.

Carter pled guilty to possession of cocaine, a severity level 5 drug felony. On August 19, 2016, the district court granted Carter's motion for a downward dispositional departure and placed him on 12 months' probation with an underlying 42-month term of imprisonment.

1

Subsequently, Carter stipulated to violating the terms of his probation by committing a new offense. On February 24, 2017, the district court revoked his probation and ordered Carter to serve his underlying sentence.

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Carter bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Carter argues that the district court abused its discretion when it revoked his probation and ordered him to serve his prison sentence. K.S.A. 2016 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison in a felony case, and K.S.A. 2016 Supp. 22-3716(c)(1)(E) provides that a district court may remand a probationer to serve the balance of his or her prison sentence only after a 120-day prison sanction has been imposed. However, K.S.A. 2016 Supp. 22-3716(c)(8)(A) allows the district court to wholly bypass the intermediate sanctions provisions of the statute if the defendant has committed a new felony or misdemeanor while on probation.

Here, it is undisputed that Carter stipulated to the commission of a new offense while on probation. Carter makes no showing that a reasonable person could have disagreed with the district court's decision because it was entitled to revoke his probation and impose Carter's underlying prison sentence. The district court did not abuse its discretion.

Affirmed.