NOT DESIGNATED FOR PUBLICATION

No. 118,148

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCUS A. WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; KURTIS I. LOY, judge. Opinion filed March 9, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Marcus A. Williams appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Williams' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47), which the State in its response did not contest. After review, we affirm the district court.

In May 2016, Williams pled no contest to a single count of residential burglary, a severity level 7 person felony, and on September 20, 2016, the district court sentenced him to 16 months in prison but granted Williams probation from that sentence for a period of 24 months. Less than two months later, on November 14, 2016, the State sought

to revoke Williams' probation on the grounds that he had been arrested for committing new crimes, for failing to report, and that his whereabouts were unknown. On March 21, 2017, Williams subsequently entered no contest pleas to three felonies in two new cases. The district court found him guilty of these new charges and, on May 16, 2017, sentenced Williams to prison in his two new cases, revoked his probation in this case, and ordered that he serve his underlying prison sentence.

Williams now appeals the district court's revocation of his probation and the imposition of his prison sentence, claiming that he had a demonstrated need for drug treatment.

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Williams bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Williams argues that the district court abused its discretion when it revoked his probation and ordered him to serve his prison sentence. K.S.A. 2017 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison in a felony case. However, K.S.A. 2017 Supp. 22-3716(c)(8)(A) allows the district court to wholly bypass the intermediate sanctions provisions of the statute if the defendant has committed a new felony or misdemeanor while on probation.

2

Here, it is undisputed that Williams was found guilty of three new felonies, all committed while he was on probation. Williams fails to make a showing that no reasonable person would have acted as the district court did here because the court was entitled to revoke his probation and impose the underlying prison sentence. The district court did not abuse its discretion.

Affirmed.