NOT DESIGNATED FOR PUBLICATION

Nos. 117,962
117,963
117,964

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES LEE LORENCE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed March 9, 2018.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and
(h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: James Lee Lorence appeals the district court's decision to revoke
his probation and impose his underlying prison sentences in three cases. We granted
Lorence's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018
Kan. S. Ct. R. 47), which the State did not contest in its response. After review, we affirm
the district court.

In September 2015, Lorence pled no contest to felony theft and was sentenced to
27 months in prison but was placed on probation from that sentence for 18 months. The
following month, Lorence entered into a joint plea agreement for two cases. In the first

1

case, Lorence pled guilty to possession of methamphetamine and was sentenced to 30 months in prison but again was placed on probation for 18 months. In the second case, Lorence pled guilty to forgery and felony theft, resulting in a sentence of 24 months in prison. Like the other two cases, he was placed on probation but this time for a longer period of 24 months. While on probation for these offenses, Lorence admitted to violating his probation by committing the new offenses of misdemeanor theft and obstruction, resulting in the district court revoking his probation and imposing his underlying prison sentences. Lorence claims the district court erred in revoking his probation.

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Lorence bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Lorence argues that the district court abused its discretion when it revoked his probation and ordered him to serve his prison sentence. K.S.A. 2017 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison in a felony case. However, K.S.A. 2017 Supp. 22-3716(c)(8)(A) allows the district court to wholly bypass the intermediate sanctions provisions of the statute if the defendant has committed a new felony or misdemeanor while on probation.

2

Here, it is undisputed that Lorence admitted to the commission of new offenses while on probation. Lorence fails to show that no reasonable person would have agreed with the district court's decision because it was entitled to revoke his probation and impose Lorence's underlying prison sentences. The district court did not abuse its discretion.

Affirmed.