NOT DESIGNATED FOR PUBLICATION

No. 118,230

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHANIE LEE EPP-SIGMUND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; RON SVATY, judge. Opinion filed March 9, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Stephanie Lee Epp-Sigmund appeals the district court's decision to revoke her probation and impose her underlying prison sentence. We granted Epp-Sigmund's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47), which the State in its response did not contest. After review, we affirm the district court.

Epp-Sigmund pled no contest to the distribution of methamphetamine, a severity level 2 drug felony. Given her criminal history score of G and the severity level of her crime, Epp-Sigmund's sentence was in the presumptive prison category. At sentencing, the district court imposed a 104-month prison term but granted Epp-Sigmund a dispositional departure and placed her on probation from that sentence for a period of 36

1

months. Subsequently, the State sought to revoke Epp-Sigmund's probation for her failure to report and for her failure to abstain from drug use. At her probation violation hearing, Epp-Sigmund stipulated to these violations, telling the court that she was "on the run" for some time but was now prepared to abide by the terms of her probation. The district court was apparently unimpressed with her promise of future compliance and, citing Epp-Sigmund's "on the run" statement and the fact that she was originally granted a departure to probation, revoked Epp-Sigmund's probation and imposed her underlying prison sentence.

Epp-Sigmund now appeals, claiming the district court erred by refusing to allow her to remain on probation because she acknowledged her errors and was prepared to comply with the terms and conditions of probation.

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Epp-Sigmund bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Epp-Sigmund essentially argues that the district court abused its discretion when it revoked her probation and ordered her to serve her prison sentence. K.S.A. 2017 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison in a felony case. However, K.S.A. 2017 Supp. 22-3716(c)(9)(B) allows the district court to wholly bypass

2

the intermediate sanctions provisions of the statute if the defendant's assignment to probation was as the result of a dispositional departure.

Here, it is undisputed that Epp-Sigmund was originally granted probation as the result of the district court granting her a dispositional departure at sentencing, and Epp-Sigmund stipulated to violating the terms of her probation. As she fails to make a showing that no reasonable person would have acted as the district court did here, because the court was entitled to revoke her probation and impose the underlying prison sentence, the district court did not abuse its discretion.

Affirmed.