NOT DESIGNATED FOR PUBLICATION

No. 118,422

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN C. DRAKE, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed April 27, 2018.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and
(h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Steven C. Drake, Jr. appeals the district court's decision to revoke
his probation and impose his underlying jail sentences. We granted Drake's motion for
summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47),
to which the State did not respond. After review, we affirm the district court.

Drake pled no contest to three counts of theft, all class A misdemeanors, and was
sentenced on September 24, 2013, to 12 months in the county jail for each count, with the
counts to run concurrently. The sentences also were to be served concurrently with
Drake's two felony cases. The district court placed Drake on probation from these
sentences for 12 months.

1

On September 25, 2014, a probation warrant affidavit alleged that on August 10, 2014, Drake committed new crimes, among them fleeing or attempting to elude a police officer and reckless driving. After an unexplained delay in which it appears from the record that Drake was convicted and incarcerated on other charges, a probation violation hearing was held on August 9, 2017. At that hearing, the State presented evidence on the allegation that while on probation, Drake had committed new violations of the law. The district court found, by a preponderance of the evidence, that Drake had committed the new crimes of fleeing and attempting to elude a police officer and reckless driving. After hearing argument, the district court revoked Drake's probation and ordered that he serve his underlying sentence. On appeal, Drake claims the district court erred in revoking his probation.

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Drake bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Drake does not challenge the district court's finding that he violated the terms and conditions of his probation. His sole argument on appeal is that the district court abused its discretion when it revoked his probation and ordered him to serve his jail sentence. Drake argues that an intermediate sanction pursuant to K.S.A. 2017 Supp. 22-3716 should have been imposed because he had made substantial progress in his life, including engaging in treatment and medication for serious mental health concerns. However, K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) allows the district court to impose a defendant's

2

misdemeanor jail sentence without imposing any intermediate sanction upon a showing of a probation violation. Given the record in this case, Drake fails to persuade us that no reasonable person would have agreed with the district court's decision because it was entitled to revoke his probation and impose the underlying jail sentences. The district court did not abuse its discretion.

Affirmed.