NOT DESIGNATED FOR PUBLICATION

Nos. 118,586
118,587

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v

JEREMY M. MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed December 7, 2018. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.

PER CURIAM: Jeremy Miller appeals the district court's decision to revoke his probation and impose the underlying prison sentences in two cases. He argues the district court abused its discretion. But Miller had violated his probation many times, and we can reverse for abuse of discretion only if no reasonable person could agree with the district court's decision. This is not such a case.

FACTUAL AND PROCEDURAL BACKGROUND

In the first case, No. 14-CR-853, Miller pleaded guilty in April 2015 to one count of possession of marijuana with the intent to distribute; one count of proceeds derived from violation of drug laws; and one count of possession of an opiate, all felony offenses. The district court sentenced Miller in June 2015 to 36 months of probation with an underlying prison sentence of 56 months that would be imposed if he didn't successfully complete the probation. The 36-month probation sentence constituted a dispositional departure; the possession-with-intent-to-distribute conviction carried a presumptive prison sentence.

In December 2015 Miller pleaded guilty to the charges in a second case, No. 15-CR-2517. The underlying offenses for these convictions occurred in February 2015 while Miller was out on bond pending resolution of the charges in case No. 14-CR-853. In case No. 15-CR-2517, Miller pleaded guilty to one count of possession of methamphetamine and one count of possession of an opiate, again both felony offenses. The district court sentenced Miller in this case in January 2016 to 12 months of probation with an underlying prison term of 18 months. The district court ordered that this sentence to run consecutively to Miller's 56-month sentence from case No. 14-CR-853.

Miller violated the probation conditions many times. His first violations came while he was only on probation in the first case, No. 14-CR-853. In July 2015, he tested positive for methamphetamine. The district court imposed a two-day sanction for this violation. Miller's probation terms required him to attend drug treatment; in September 2015, his drug-treatment program discharged him for nonattendance. He received a 120-day sanction for this violation.

Miller continued to violate his probation requirements after he had been sentenced in the second case, No. 15-CR-2517, and was on probation in both cases. In July 2016,

Miller admitted to using methamphetamine in June and July 2016. Miller received a two-day sanction for this violation. In August 2016, Miller failed to report to his probation officer, failed to make his payment on outstanding court costs, and again failed to complete his required substance-abuse program. And Miller failed to meet with his probation officer for eight months between August 2016 and April 2017. Miller received a 180-day prison sanction for these violations.

In September 2017, Miller tested positive for methamphetamine again. At a hearing, Miller admitted that he had used and tested positive for methamphetamine. This time, the district court revoked Miller's probation and imposed his 74-month underlying prison sentences (56 months in case No. 14-CR-853 plus 18 months in case No. 15-CR-2517). The district court denied Miller's requests for either another chance at probation in residential treatment or, in the alternative, a reduction of his underlying sentences. Miller then appealed to our court.

ANALYSIS

Traditionally the district court has had broad discretion in deciding whether to revoke probation and impose the underlying prison sentence when a defendant violates probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). That discretion is now limited in felony cases so that, typically, the court must first impose an intermediate sanction, such as a two- or three-day jail stay, for the first probation violation. But once intermediate sanctions have been used, the district court again has broad discretion in deciding whether to revoke the probation. See K.S.A. 2017 Supp. 22-3716(c)(1)(C), (E).

That's the situation we're in here. Miller admits that the district court had the discretion to revoke his probation and impose the underlying prison sentences because the court had already imposed intermediate sanctions, including a 180-day prison stay. So

3

we must determine whether the district court abused its discretion.

A court abuses its discretion only when its decision is based on a factual or legal error or when no reasonable person would agree with the decision. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). Baker hasn't suggested a factual or legal error, and we conclude that a reasonable person could agree with the district court's decision.

Miller violated his probation many times over an extended period—including one episode between August 2016 and April 2017 when he failed to report to his probation officer for eight months. By failing to report, he made it impossible for probation staff to provide services and treatment to him. See *State v. Baker*, No. 117,174, 2017 WL 4455302, at *1 (Kan. App. 2017) (unpublished opinion). Though he was ordered to complete a drug-treatment program, he twice failed to do that. While Miller argues that "his acknowledgment of his drug problem and willingness to seek and continue treatment outweighed any violations of probation," a reasonable person could find otherwise. Miller enjoyed the privilege of probation for more than two years, but he committed several violations despite the court's attempt to reform his conduct through intermediate sanctions. A reasonable person could conclude that revoking his probation and imposing the original underlying sentences is appropriate for an individual with a two-year history of violations despite many "second chances."

In the alternative, if we did not find that the district court abused its discretion in revoking his probation, Miller argues that the district court abused its discretion when it declined to reduce the underlying sentences he must serve. Once again, Miller agrees that this is a discretionary judgment call for the district court. Miller argues that he should have received some sentence reduction because his problems were largely caused by drug addiction, not willful violations.

4

But that ignores Miller's failure to report on probation for eight months, his failure to make payment on court costs, and his failure even to attend the drug-treatment program for some time period. A reasonable person could agree with the district court's decision not to modify the underlying sentences, so we find no abuse of discretion.

We affirm the district court's judgment.