NOT DESIGNATED FOR PUBLICATION

No. 120,276

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA SHANE NORTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 21, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Joshua Shane Norton appeals the district court's decision revoking his probation and requiring him to serve his underlying sentence. On Norton's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Based on our review of the record, we find no error in the district court's decision to revoke Norton's probation and ordering him to serve his underlying sentence.

After entering into a plea agreement, Norton was convicted of possession of marijuana after a prior conviction. On August 5, 2016, the district court sentenced him to a prison term of 30 months. However, the court suspended Norton's sentence to 12 months' probation. Subsequently, Norton received two 2-day jail sanctions, a 60-day jail

1

sanction, a 120-day Kansas Department of Corrections (KDOC) sanction, and a 180-day KDOC sanction. After the district court had exhausted the graduated sanctions required under K.S.A. 2018 Supp. 22-3716(c)(1), Norton admitted to violating the terms of his probation yet again and his probation was revoked. Although he requested that his probation be reinstated, the district court denied the request and ordered him to serve his underlying sentence.

On appeal, Norton contends that the district court erred in revoking his probation and ordering him to serve his underlying sentence. Nevertheless, he candidly recognizes that "[o]nce there has been evidence of a violation of the conditions on which probation was granted, the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017).

Based on our review of the record, we find no error of fact or law. Rather, we find that the district court's decision was reasonable under the circumstances presented. Because it is undisputed that graduated sanctions had already been exhausted, the district court acted well within its sound discretion in revoking Norton's probation and in imposing his underlying sentence. Thus, we conclude the district court did not abuse its discretion and we affirm the district court's decision.

Affirmed.