NOT DESIGNATED FOR PUBLICATION

No. 121,835

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARIELL BRIANNE NIERENBERG,
*Appellant*.


MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed August 7, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., STANDRIDGE and POWELL, JJ.


PER CURIAM: Ariell Brianne Nierenberg appeals the district court's decision to revoke her probation. We granted Nierenberg's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Finding no error in the district court's decision, we affirm.

In July 2018, Nierenberg pled no contest to one count each of possession of methamphetamine and residential burglary. On August 24, 2018, the district court sentenced her to 26 months in prison but released her on probation for 18 months.

In December 2018, the State filed a motion to revoke probation alleging that Nierenberg violated several conditions of her probation: (1) failing to report to her

1

probation officer, (2) failing to remain drug free, (3) failing to follow through with drug treatment, (4) failing to report law enforcement contact, and (5) failing to remain crime free. This last violation was based on a theft conviction in municipal court. At the probation violation hearing in August 2019, Nierenberg stipulated to the first four alleged violations. She did not stipulate to the theft conviction, but she did not deny it. Ultimately, the district court revoked Nierenberg's probation and ordered her to serve her underlying sentence.

On appeal, Nierenberg argues the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentence. She says no reasonable person would agree with the district court's decision to deprive her of a second chance to remain on probation and attend drug treatment.

K.S.A. 2019 Supp. 22-3716 governs the procedure for revoking a defendant's probation. Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable; or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The defendant bears the burden of showing such abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Here, the district court revoked Nierenberg's probation and imposed her underlying sentence based on her stipulation to violating four conditions of her probation and on a finding that she committed a new crime while on probation. The district court was well within its discretion to order her to serve her underlying sentence. Nierenberg does not point to any errors of law or fact in the district court's decision, nor does she

show that a reasonable person could not have taken the same position. Based on the record before us, we conclude the district court did not abuse its discretion.

Affirmed.