NOT DESIGNATED FOR PUBLICATION

No. 121,989

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DELFINO F. MOYA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed August 7, 2020.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Delfino F. Moya appeals the district court's decision to revoke his probation and its order for him to serve a modified prison sentence. We granted Moya's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Finding no error in the district court's decision, we affirm.

After Moya pled guilty to distribution of marijuana, the district court sentenced him to 68 months in prison but released him on probation for 36 months. While on probation, Moya received several intermediate sanctions for violating conditions of his probation: four jail sanctions, a 120-day prison sanction, and a 180-day prison sanction.

1

Then Moya admitted that he violated probation again by possessing drugs and drug paraphernalia. For these violations, the State asked the court to revoke probation and impose a modified, 56-month prison sentence. The district court followed the State's recommendation.

On appeal, Moya argues that the district court abused its discretion when it revoked his probation. He says that no reasonable person would agree with the district court's decision to impose a modified prison sentence rather than a lesser sanction.

K.S.A. 2019 Supp. 22-3716 governs the procedure for revoking a defendant's probation. Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable; or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The defendant bears the burden of showing such abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Here, the district court revoked Moya's probation and imposed a modified prison sentence after previously imposing six intermediate sanctions. As noted above, when there is evidence of a violation, the decision to revoke probation rests in the district court's sound discretion. *Gumfory*, 281 Kan. 1168, Syl. ¶ 1. Based on the facts presented and the applicable law, there is no evidence to show that the district court based its decision to revoke Moya's probation on factual or legal error, or that no reasonable person would agree with the decision. See *State v. Ballou*, 310 Kan. 591, Syl. ¶ 8, 448 P.3d 479 (2019); *Gumfory*, 281 Kan. 1168, Syl. ¶ 1. So the district court did not abuse its

discretion when it revoked Moya's probation and ordered him to serve a modified prison sentence.

Affirmed.