NOT DESIGNATED FOR PUBLICATION

No. 122,711

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY L. PARKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed October 30, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Timothy L. Parks appeals the revocation of his probation and imposition of his underlying sentence. We granted Parks' motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Parks pled guilty to an offender registration violation, a severity level 6 person felony. The date of his offense was January 1, 2018. His presumptive sentence was

1

prison, but he was granted a downward dispositional departure to probation for 24 months with a 34-month underlying prison term. As a condition of probation, he was ordered to obey all laws and refrain from consuming illegal drugs. Parks was required to register due to 2005 convictions for aggravated criminal sodomy and aggravated indecent liberties with a child.

In December 2018, Parks tested positive for methamphetamine/amphetamines and admitted he had consumed heroin. He consented to a two-day jail sanction. Eight months later, a warrant was issued for Parks alleging that he committed the offense of aggravated assault. At a combined plea and probation violation hearing, Parks pled guilty to two counts of aggravated assault, a severity level 7 person felony. The district court revoked Parks' probation and ordered him to serve his underlying sentence because he committed a new crime and his original sentence was the result of a dispositional departure. Parks timely appeals.

ANALYSIS

Once a probation violation has been established the district court's decision to revoke the offender's probation and impose the underlying sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). A judicial action constitutes an abuse of discretion if the action (1) is unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party alleging the abuse of discretion bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). The judicial action is unreasonable when no reasonable person would have taken the same action. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Kansas statute limits the court's discretion in deciding how to sanction a felony probation violator. K.S.A. 2017 Supp. 22-3716(c). The statute provides that a sentencing

2

court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation" or if the probation "was originally granted as the result of a dispositional departure granted by the sentencing court." K.S.A. 2017 Supp. 22-3716(c)(8)(A), (c)(9)(B).

Here, the district court's decision to revoke Parks' probation and impose his underlying sentence was not based on an error of fact or law. The court had the statutory authority to do so because Parks committed a new crime and his probation was originally granted as the result of a dispositional departure. The district court's decision was also reasonable. Parks was required to register due to two serious sex offenses. He committed two more person felonies while on probation for a presumptive prison crime. This was not his first probation violation. A reasonable person could agree with the district court's decision.

Affirmed.