NOT DESIGNATED FOR PUBLICATION

No. 122,709

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FELIX GARCIA JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed March 26, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GREEN, P.J., MALONE and WARNER, JJ.

PER CURIAM: Felix Garcia Jr. appeals the trial court's revocation of his probation. We granted Garcia's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State asks us to affirm the trial court's revocation of Garcia's probation. Finding no error, we affirm.

On June 7, 2019, Garcia pleaded guilty to criminal possession of a weapon by a convicted felon, a severity level 8 nonperson felony in violation of K.S.A. 2018 Supp. 21-6304(a)(2). Afterwards, on July 25, 2019, the trial court sentenced Garcia to 23 months' imprisonment, released him on probation for a term of 18 months, and imposed 12 months' postrelease supervision. We note that Garcia received probation because of a

1

downward dispositional departure. But in late December 2019, the trial court issued a warrant for Garcia's arrest because evidence indicated he had violated the terms of his probation. The trial court's warrant specifically alleged that on December 23, 2019, law enforcement arrested Garcia for possessing methamphetamine and for resisting arrest.

On March 4, 2020, the trial court held an evidentiary hearing on Garcia's alleged probation violations. At the hearing, the State presented the testimony of the officer who arrested Garcia for possessing methamphetamine and for resisting arrest. It also presented the testimony of a forensic scientist, who confirmed that the substance the officer found on Garcia's person during his recent arrest was methamphetamine.

After hearing this evidence, the trial court found that Garcia had violated the terms of his probation by possessing methamphetamine and by resisting arrest. It then revoked Garcia's probation and imposed Garcia's original underlying sentence. In doing so, the trial court rejected Garcia's request to impose an intermediate sanction on him instead of revoking his probation. The court explained that it would not do this because K.S.A. 2018 Supp. 22-3716(c)(8)(A) and K.S.A. 2018 Supp. 22-3716(c)(9)(B) allowed it to revoke Garcia's probation without first imposing an intermediate sanction under K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(D).

After revoking his probation, Garcia timely appealed the revocation of his probation to this court. In his summary disposition motion, Garcia does not challenge the trial court's fact-findings in support of its probation revocation ruling. Nor does he argue that the trial court made some error of law when revoking his probation. Instead, Garcia alleges that the trial court acted unreasonably by revoking his probation under the facts of his case.

An appellate court reviews a trial court's decision to revoke a defendant's probation for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d

2

1191 (2006). A trial court abuses its discretion if its decision is based on an error of fact, if its decision is based on an error of law, or if its decision is otherwise unreasonable. 281 Kan. at 1170.

The trial court here relied on K.S.A. 2018 Supp. 22-3716(c)(8)(A) and (c)(9)(B) to revoke Garcia's probation without first imposing any of subsection (c)(1)(A)-(D)'s intermediate sanctions. K.S.A. 2018 Supp. 22-3716(c)(8)(A) provides that the trial court may revoke a defendant's probation without first imposing any of subsection (c)(1)(A)-(D)'s intermediate sanctions when that defendant commits a new felony while on probation. Also, K.S.A. 2018 Supp. 22-3716(c)(9)(B) provides that the trial court may revoke a defendant's probation without first imposing any of subsection (c)(1)(A)-(D)'s intermediate sanctions when that defendant originally received probation because of a downward dispositional departure.

Here, it is undisputed that Garcia received probation because the trial court granted his request for a downward dispositional departure. Also, at his probation violation hearing, the State presented evidence showing that Garcia had committed new crimes while on probation, for example, possessing methamphetamine and resisting arrest. Thus, under the facts of this case, both K.S.A. 2018 Supp. 22-3716(c)(8)(A) and (c)(9)(B) allowed the trial court to revoke Garcia's probation without first imposing any of the intermediate sanctions listed under subsection (c)(1)(A)-(D). We therefore hold that the trial court did not abuse its discretion by revoking Garcia's probation.

Affirmed.