NOT DESIGNATED FOR PUBLICATION

No. 122,912

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS WAYNE POTTER SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; PENNY R. MOYLAN, judge. Opinion filed June 4, 2021. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: Douglas Wayne Potter Sr. appeals from the district court's decision to revoke his probation and impose his underlying jail sentence of four months. He argues the district court abused its discretion in revoking his probation. After a complete review of the record, we find no abuse of discretion by the district court, and we affirm.

1

In April 2019, Potter pled no contest to and was convicted of domestic battery against his wife. The district court sentenced Potter to 4 months in the Shawnee County jail but suspended his jail sentence and imposed 12 months of supervised probation. Potter signed an order of probation acknowledging, among other things, he was prohibited from contacting his wife and from violating any federal, state, or local laws.

In January 2020, the State moved to revoke Potter's probation. At the revocation hearing, Potter's probation officer testified Potter failed to take a urinalysis test in December 2019 and was arrested a second time for domestic battery of his wife. Topeka Police Officer Devon Long corroborated the probation officer's testimony. Long stated he was dispatched to the residence on December 27, 2019, and found Potter there. Potter's wife was visibly upset because Potter had tased her. Long placed Potter under arrest.

The district court revoked Potter's probation and ordered him to serve his underlying jail sentence for contact with his victim.

Potter argues the district court abused its discretion by revoking his probation and imposing his underlying jail sentence.

Once the district court has determined the defendant has violated the terms of probation, the decision to revoke probation lies in the discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Potter bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P. 3d 430 (2018).

Potter identifies no error of fact or law underlying the district court's decision. Potter was prohibited from contact with his wife and from violating any federal, state, or local laws. Potter was arrested for a new crime—another domestic battery—which involved his wife, in violation of the terms of his probation. The district court, therefore, had authority to revoke Potter's probation and impose his underlying jail sentence. See K.S.A. 2020 Supp. 22-3716(b)(3)(B)(iii).

Potter claims the district court failed to find revocation of his probation was required to protect the safety of the community or himself. However, Potter's argument is misplaced. The controlling statute, K.S.A. 2020 Supp. 22-3716(b)(3)(B)(iii), does not require such findings before the revocation of misdemeanor probation can occur. Potter is trying to impose conditions reserved for felony probation, and he was not subject to felony probation at the time his current probation was revoked. Potter has not established the district court's decision to revoke his probation was arbitrary, fanciful, or unreasonable. The district court was well within its statutory authority and sound discretion to revoke Potter's probation and order him to serve his underlying jail sentence.

Affirmed.