NOT DESIGNATED FOR PUBLICATION

No. 123,683

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COLLIN ALEXANDER WOOD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed September 24, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Collin Alexander Wood appeals the revocation of his probation and imposition of his underlying sentence. Recognizing the district court has the discretion to require him to serve his underlying sentence in this case, Wood filed a motion for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). We granted the motion and proceeded to review the record on appeal to determine if the district court erred. After doing so, we conclude that the district court did not abuse its discretion in revoking Wood's probation or in requiring him to serve his underlying sentence. Thus, we affirm the district court's decision.

1

FACTS

In November 2019, Wood pled no contest to four counts of theft, a severity level 9 nonperson felony; five counts of burglary of a motor vehicle, a severity level 9 nonperson felony; two counts of criminal use of a financial card, a class A misdemeanor; and two counts of criminal damage to property, a class B misdemeanor. The following month, the district court ordered Wood's sentences for all the crimes to be served concurrently and granted him probation for a term of 12 months with an underlying prison term of 9 months.

Twice in February 2020 and in November 2020, Wood tested positive for methamphetamine. He also admitted to using methamphetamine in violation of the terms of his probation. Wood waived his right to a hearing, admitted to the probation violations, and received two and three-day jail sanctions.

In December 2020, the State alleged that Wood had committed the following probation violations:

- Failure to report as directed on four occasions;
- Committing felony theft and three counts of violating the Kansas Offender Registration Act; and,
- Testing positive for methamphetamine on the three occasions mentioned above and in October 2020.

At his probation revocation hearing, Wood admitted to these violations. However, regarding the second allegation, Wood admitted only that he was arrested, not that he actually committed the new crimes. At the conclusion of the hearing, the district court revoked Wood's probation and ordered him to serve his underlying prison sentence.

In reaching this decision, the district court explained:

> "Well, unfortunately, Mr. Wood, I don't think you've been a very good probationer. You have struggled terribly. And I don't believe that the future holds much, well, possibility for you to improve on your performance at this point. I just don't see it happening. And I think our system has worked with you enough and done what they can. So at this time I'm going to revoke your probation."

Thereafter, Wood timely filed a notice of appeal.

ANALYSIS

On appeal, Wood contends that the district court abused its discretion in revoking his probation and imposing his underlying prison sentence. He suggests that he might have a drug addiction that would be better treated in the community. Based on our review of the record, we do not find that the district court abused its discretion.

A district court's decision to revoke probation involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination on the appropriate disposition. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). Here, it is undisputed that Wood violated the terms of his probation. As such, the district court had discretion to revoke Wood's probation and to require him to serve his underlying sentence.

A judicial action constitutes an abuse of discretion only if the action (1) is unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party alleging the abuse of discretion—in this case Wood—bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). A judicial action is unreasonable when no reasonable person would have taken the same action. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

K.S.A. 2019 Supp. 22-3716(c) limits the court's discretion in deciding how to sanction a felony probation violator. The statute provides that a sentencing court should impose an intermediate sanction of two- or three-days in jail before ordering a probation violator to serve his or her underlying sentence unless certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2019 Supp. 22-3716(c)(7)(C).

Here, a review of the record reveals that the district court did not make an error of law or fact. The defendant previously served two and three-day jail sanctions. See K.S.A. 2019 Supp. 22-37161(c)(1)(B). And a reasonable person could agree with the district court's decision to revoke Wood's probation and impose his underlying prison sentence based on his repeated failure to comply with the terms of his probation.

In summary, we find that the district court gave Wood multiple opportunities to succeed. Unfortunately, he could not do so and continued to violate the terms of his probation. In light of his repeated failures to comply, we find that it was reasonable for the district court to conclude that Wood is not amenable to probation. Likewise, we find that Wood has failed to show that the district court's decision was based on an error of law or on an error of fact. Under these circumstances, we conclude that the district court did not abuse its discretion by revoking Wood's probation or by reinstating his underlying sentence.

Affirmed.