NOT DESIGNATED FOR PUBLICATION

Nos. 123,662
123,663

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LINDSAY D. SLATER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed December 3, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Lindsay D. Slater appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentences in two criminal cases—consolidated here for appeal. Slater filed a motion for summary disposition pursuant to Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48) and the State responded. This court granted Slater's motion for summary disposition and affirms the district court's decision.

1

FACTS AND PROCEDURAL BACKGROUND

On December 17, 2019, Slater pled guilty to one count of unlawful possession of methamphetamine for a crime committed in May 2018 (the drug offense). On March 17, 2020, the district court sentenced Slater to an underlying 28 months' imprisonment but instead granted her 18 months' probation. The next day, Slater pled guilty to one count of interference with a law enforcement officer related to actions committed in November 2019 (the 2019 offense).

The State alleged Slater violated her probation by committing new crimes while on probation for the drug offense, but before she was sentenced for the 2019 offense. On May 29, 2020, the district court held a probation violation hearing related to the drug offense probation in conjunction with the sentencing hearing for the 2019 offense. At the probation violation hearing, the district court reviewed the State's allegations of Slater's additional crimes:  pedestrian under the influence, interference with a law enforcement officer, and use or possession with intent to use drug paraphernalia. The district court ordered Slater to serve a 48-hour jail sanction for these violations. The court then proceeded to sentence Slater for the 2019 offense, giving her 12 months of probation with an underlying sentence of 11 months' imprisonment. Slater's sentence for the 2019 offense was to run consecutive to the drug offense sentence.

After she served the 48-hour sanction, and while on probation for both the drug offense and 2019 offense, the State alleged Slater again violated the terms of her probation. In September 2020, the district court held another probation violation hearing where the State alleged that in July 2020 Slater failed to report to her probation officer and committed a new crime of interference with a law enforcement officer. The district court sanctioned Slater to 60 days' jail, with credit for time served, and authorized work release.

On October 26, 2020, Slater's mother called 911 and requested a crisis intervention team (CIT) police officer because she believed something was wrong with Slater. When officers arrived, Slater was not cooperative. She refused to talk much and simply stared at the officers when asked questions. The officers offered to take her to a mental health facility for services or arrest her for outstanding warrants. Slater chose to be arrested, but she resisted and was charged with battery of a law enforcement officer for biting the officer and resisting arrest.

The district court held a probation revocation hearing on January 8, 2021, where police Sergeant Keith Goodall testified about the October 26 events as described above. Slater also testified about the events from her perspective and claimed the officers arrived with violence in their eyes. She said they grabbed her, pinned her, and bashed her head. Slater testified that she did not bite the officer or resist arrest.

At the conclusion of the testimony, the district court revoked Slater's probation for both the drug offense and 2019 offense. In support of its ruling, the district court considered the repeated probation violations, the commission of new crimes, public safety, and Slater's welfare. Although the district court ordered Slater to serve her original sentences, it modified the sentences to run concurrently. Slater appealed and this court consolidated the two cases on appeal.

DISCUSSION

Slater argues that the district court erred in revoking her probation and imposing her underlying prison sentences because sanctions were a viable alternative. Once the State establishes the defendant violated his or her probation, the district court has discretion, unless prohibited by statute, to impose the original sentence. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). A court abuses its discretion if its

3

decision to revoke probation is arbitrary, fanciful, or unreasonable, or based on an error of law or fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party alleging the abuse of discretion bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

This appeal consolidates two criminal cases, one committed in 2018 and one in 2019, so two different statutes govern the district court's imposition of probation violation sanctions. See K.S.A. 2017 Supp. 22-3716(c); K.S.A. 2019 Supp. 22-3716(c). There is no material difference in the statutes—the only difference is in numeration. Except under certain circumstances present here, a sentencing court must impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her original sentence. Here, the district court was permitted to bypass the intermediate sanctions because Slater committed new crimes while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A); K.S.A. 2019 Supp. 22-3716(c)(7)(C). The district court could properly revoke Slater's probation without first imposing intermediate sanctions because the court found she committed new crimes. Accordingly, the only remaining issue is whether the district court's actions were otherwise unreasonable.

Slater argues the district court abused its discretion when it revoked her probation because it could have given her another chance on probation. A court abuses its discretion if no reasonable person would have taken the court's position. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). However, Slater did not dispute that she committed new crimes while on probation. Additionally, the court had already given Slater two chances through sanctions for previous probation violations. It cannot be said that, given Slater's repeated violations and commission of new crimes, no reasonable person would take the same action as the district court. For these reasons, Slater has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve her original sentences.

4

Affirmed.