NOT DESIGNATED FOR PUBLICATION

No. 124,488

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENT YOTTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Opinion filed July 29, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Defendant Brent Yotter appeals the Harvey County District Court's decision to revoke his probation. We granted Yotter's motion for a summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48) in the absence of any response from the State. After reviewing the motion and the record, we find the district court acted within its judicial discretion in revoking Yotter's probation and imposing a reduced prison sentence. We, therefore, affirm.

The State charged Yotter with one count of possession with intent to distribute methamphetamine, three counts of unlawful possession of a controlled substance, one count of unlawful possession of marijuana, and one count of possession of drug

1

paraphernalia based on his conduct in December 2018. Under an agreement with the State, Yotter pleaded no contest in March 2020 to one count of possession with the intent to distribute methamphetamine. Consistent with the agreement, the State dismissed the remaining charges. The agreement called for a joint recommendation to the district court for a high guidelines sentence, while the State would not oppose Yotter's request for probation—a dispositional departure from the guidelines' presumptive incarceration even for someone like Yotter who had no scoreable criminal history. The district court followed the plea agreement and in May 2020 placed Yotter on probation for 36 months after sentencing him to a 103-month prison term.

Three months after sentencing, Yotter's probation officer sought and received an arrest warrant from the district court because Yotter had failed to report on multiple occasions, thereby violating the conditions of probation. Yotter was not arrested until almost a year later. At his revocation hearing, Yotter waived his right to an evidentiary hearing and did not dispute the State's proffer that he failed to report for scheduled office visits with his probation officer four times. He, likewise, did not dispute he received a citation for driving on a suspended license and failed to inform his probation officer of that law enforcement contact, in violation of another condition of probation. The district court found Yotter violated his probation and continued the hearing for consideration of disposition.

At the July 2021 disposition hearing, the State argued revocation was proper because (among other reasons) Yotter had been granted a dispositional departure from a presumptive prison sentence and had violated his probation multiple times. See K.S.A. 2018 Supp. 22-3716(c)(9)(B) (no intermediate sanction required for probation violation if defendant received dispositional departure). Yotter's lawyer admitted that Yotter had failed to report at times but argued revocation was unduly harsh. The lawyer pointed out Yotter had a minimal criminal history, had not received an intermediate sanction for any probation violation, and had been gainfully employed for some time.

2

The district court rejected Yotter's arguments for an intermediate sanction rather than revocation. The district court understood it had the discretion to order a sanction or to revoke, as the bench ruling and related discussion make clear. Similarly, the district court was aware it could revoke Yotter and bypass any intermediate sanction because he had received a dispositional departure from a presumptive prison sentence to probation. In its explanation, the district court plainly found Yotter undeserving of any mitigation, since he had failed to report multiple times and essentially did nothing to comply with the conditions of his probation in the months leading up to his arrest. The district court pointed out Yotter did not participate in substance abuse counseling—something the district court considered an integral condition of probation, given his crime of conviction and the surrounding circumstances. Without citing a specific statutory ground, the district court then revoked Yotter's probation and ordered him to serve a reduced sentence of 60 months in prison. See K.S.A. 2018 Supp. 22-3716(c). Yotter has appealed.

In his motion for summary disposition, Yotter acknowledges that the district court was statutorily authorized to revoke his probation but contends no reasonable person would have agreed with that decision because the violations were technical rather than independent criminal offenses and he had a good work record.

When a probation violation has been established, the decision to revoke lies within the judicial discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused if the ruling is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). As the party asserting the district court abused its discretion, Yotter bears the burden of showing such an abuse. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

The district court's discretion on whether to revoke probation was legally constrained by the requirement for intermediate sanctions for most violations subject to

3

specific statutory exceptions, all as set out in K.S.A. 2018 Supp. 22-3716(c). Relevant here, as we have indicated, a district court may bypass an intermediate sanction and impose the underlying prison sentence when the defendant has received a dispositional departure to probation as part of the original sentence. K.S.A. 2018 Supp. 22-3716(c)(9)(B). Yotter was legally and factually subject to that exception, and the district court, therefore, did not stray from the governing legal framework in ordering revocation. The district court, however, did not refer to or cite K.S.A. 2018 Supp. 22-3716(c)(9)(B) as the specific legal basis for its decision. We may, nonetheless, readily infer the district court relied on that exception in revoking Yotter's probation rather than ordering an intermediate sanction and continuing his probation.

Although bench rulings typically are looser than written decisions, they still should contain the equivalent of controlling factual findings and legal conclusions. Here, the district court amply discussed the factual underpinnings for revoking but offered no legal anchor for the ruling. Under the circumstances, the omission is hardly fatal. The hearing transcript shows the district court understood the governing law and acted in conformity with it. By the same token, neither we nor the parties should have to rely on inferences to discern the legal foundation for a decision. The better practice suggests a district court should expressly acknowledge or incorporate the statutory language on which it relies when rendering an oral or written ruling following a hearing. See *State v. Collins*, No. 119,522, 2019 WL 2554096, at *5 (Kan. App. 2019) (unpublished opinion).

Yotter does not argue that the district court committed an error of fact, in the sense of misunderstanding the relevant circumstances. So we may reverse the district court's decision only if it was unreasonable, meaning no other judicial officer would come to the same conclusion in a comparable situation. We are confident that is not the case. As we have outlined, Yotter was convicted of a serious drug offense and almost immediately disregarded the obligations imposed on him as conditions of probation—most notably failing to report to his probation officer and participate in drug counseling. He then

4

proceeded to cavalierly ignore those obligations for months after a warrant had been issued for his arrest. The district court could (and did) fairly conclude that Yotter's attitude displayed a lack of seriousness of purpose and commitment to succeeding on probation. The district court explained its frustration with Yotter at some length in outlining its reasons for revoking his probation. In short, the district court concluded Yotter was more of an unreformed scofflaw than a committed probationer and, therefore, investing additional resources in his probation would be a wasteful exercise. Other district courts would have come to the same conclusion. Moreover, the district court substantially mitigated the term of imprisonment Yotter would have to serve. We find no abuse of judicial discretion.

Affirmed.